IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

        **Plaintiff,**

v.                                         Civil Action No. 1:08-cv-00581

UNUM PROVIDENT, *et al.*,

        **Defendants.**

## ANSWER

Defendant "UnumProvident" ("Defendant"), by counsel, hereby submits the following Answer to the Complaint:[1]

1. In response to the allegations contained in the two unnumbered paragraphs preceding paragraph 1 of the Complaint, Defendant admits only that Plaintiff's claim for long-term disability ("LTD") benefits is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant denies that it committed any "unlawful, retaliatory, hostile, bad faith . . . harmful," and/or "vicious actions" against Plaintiff. Defendant denies that Plaintiff is entitled to the LTD benefits at issue in this matter. Defendant denies that Plaintiff is entitled to any relief whatsoever against Unum. Defendant denies that Plaintiff is entitled to a jury in this matter. Furthermore, Defendant denies that Unum is liable in any way to Plaintiff for the alleged violations of ERISA, the "first amendment," the "Sarbanes-Oxley Act," "civil RICO," Plaintiff's "civil rights," or discrimination based on race, gender or age. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of

---

[1] In her Complaint, Plaintiff erroneously named "Unum Provident" as a party defendant. Unum Life Insurance Company of America ("Unum") is the claims fiduciary for the employee welfare benefit plan at issue in this lawsuit, and therefore is the proper party defendant regarding Plaintiff's claim based on the denial of Plaintiff's long-term disability benefits.

the remaining allegations of the first two unnumbered paragraphs of the Complaint and therefore denies the same.

2. In response to the allegations contained in paragraph 1 of the Complaint, Defendant admits only that Unum terminated Plaintiff's LTD benefits. All remaining allegations are denied.

3. In regard to the allegations in paragraph 2 of the Complaint, Defendant denies that Plaintiff received any advice, legal or otherwise, from a "Unum representative." The legal conclusions asserted in paragraph 2 regarding the weight allegedly given by the courts to "failures and mistakes" of plaintiff's medical providers do not require a response. To the extent a response is required, such allegations are denied. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies the same.

4. Defendant denies the allegations contained in paragraph 3 of the Complaint.

5. In response to the allegations contained in paragraph 4 of the Complaint, Defendant admits only that there was contact between Unum and Plaintiff's former employer during the administration of her benefit claim. The remaining allegations regarding Unum are denied. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and therefore denies the same.

6. In response to the allegations contained in paragraph 5 of the Complaint, Defendant denies that Unum made a "dishonorable denial" of Plaintiff's ERISA-governed benefit claim. Defendant is without knowledge and/or information sufficient as to the truth of the remaining allegations of paragraph 5 and therefore denies the same.

7. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6 and 7 of the Complaint and therefore denies the same.

8. In response to the allegations contained in paragraph 8 of the Complaint, Defendant admits only that Unum provided a full and complete copy of the administrative record containing the information compiled by Unum during the administration of Plaintiff's benefit claim. Furthermore, said copy of the administrative record included the LTD insurance policy (Policy # 531350 001) which funded the employee welfare benefit plan at issue in this matter. Defendant denies that Plaintiff is entitled to discovery in this matter. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained paragraph 8, and, therefore, must deny the same.

9. In response to the allegations contained in paragraph 9 of the Complaint, Defendant denies that Unum "limited [its] focus" in any improper way. Unum's administrative review of Plaintiff's claim was properly based on the information provided by Plaintiff. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and therefore denies the same.

10. In response to the allegations contained in paragraph 10 of the Complaint, Defendant admits only that Plaintiff appealed Unum's decision to deny her benefits and that Unum ultimately denied her appeal based upon the information contained in the administrative record. To the extent Plaintiff's allegations refer to documents in the administrative record regarding her medical history, treatment, and/or diagnoses those documents speak for themselves and no response is required. To the extent that the allegations of paragraph 10 vary from those documents in any manner they are denied. Defendant is without knowledge and/or information

3

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and therefore denies the same.

11. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. In response to the allegations contained in paragraph 12 of the Complaint, Defendant denies that Plaintiff is entitled to the LTD benefits at issue in this matter and/or any relief whatsoever against Unum. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and therefore denies the same.

13. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13, 14, 15, 16, 17, 18 and 19 of the Complaint and therefore denies the same.

14. In response to the allegations contained in paragraph 20 of the Complaint, Defendant denies that "[Fannie Mae had] a hand in [Unum's] decision to terminate [Plaintiff's] LTD [benefits]." Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and therefore denies the same.

15. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

16. In response to the allegations contained in paragraph 22 of the Complaint, Defendant denies that Unum relied upon a "misleading job description" to support its denial of

4

Plaintiff's benefit claim. Defendant denies that Plaintiff was "not physically able to return to work." Unum is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, and therefore denies the same.

17. Defendant is without knowledge and/or information sufficient to form the basis of an answer to the allegations contained in paragraphs 23, 24, 25 and 26, and therefore denies the same.

18. In response to the allegations contained in the three unnumbered paragraphs following paragraph 26 of the Complaint, Defendant admits only that Plaintiff's claim for LTD benefits is governed by ERISA. Defendant denies that Unum committed any "unlawful, retaliatory, hostile, bad faith . . . harmful," and/or "vicious actions" against Plaintiff. Defendant denies that Plaintiff is entitled to the LTD benefits at issue in this matter. Defendant denies that Plaintiff is entitled to any relief whatsoever against Unum. Defendant denies that Plaintiff is entitled to a jury trial in this matter. Defendant denies that Unum is liable in any way to Plaintiff for the alleged violations of the "first amendment," "Sarbanes-Oxley Act," "civil RICO," Plaintiff's "civil rights," or discrimination of any type. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of basis of an answer to the remaining allegations, and therefore denies the same.

19. Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to, the requests for relief set forth in the unnumbered paragraphs contained in the Complaint.

20. All allegations of the Complaint not expressly admitted are hereby denied.

21. Under the plain language of the plan at issue, the decision to deny Plaintiff's claim for benefits is entitled to deference and should be reviewed by the Court only for an abuse of discretion.

22. The decision to deny Plaintiff's claim for benefits under the employee welfare benefit plan at issue was in accordance with the terms and condition of the plan; it was reasonable; and it was not an abuse of discretion.

23. Plaintiff's claim for benefits is barred because she does not meet the definition of "disabled" or "disability" within the meaning of the plan.

24. Plaintiff's claim for benefits may be barred by her failure to adhere to the administrative review process, as provided by ERISA, the Policy, and/or any of the plan documents.

25. Plaintiff has failed to state a claim upon which relief can be granted for a breach of fiduciary duty under ERISA.

26. Plaintiff has failed to state a claim upon which relief can be granted against Defendant or Unum.

27. Under the terms of the plan, Plaintiff's claim for benefits, if valid, is subject to an offset against any amounts received by her from other sources, including, but not limited to any disability benefits awarded by the Social Security Administration or other agency. The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the plan.

28. Even if Plaintiff is deemed currently disabled and eligible for benefits under the terms of the plan, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the plan given, *inter alia*, the

possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

29. Plaintiff's demands for the payment of future benefits are not permitted under ERISA.

30. Plaintiff's claims are governed by ERISA, and her remedies, if any, are limited to those available under ERISA.

31. Plaintiff's claims are barred by the applicable limitations period within which to file a legal claim, statutory, contractual and otherwise.

32. Plaintiff has failed to state claims against Defendant upon which relief can be granted for violations of RICO, Sarbanes-Oxley, the First Amendment or any form of discrimination.

33. Defendant hereby reserves the right to add any additional defenses as investigation in this matter continues.

WHEREFORE, defendant Unum Life Insurance Company of America hereby requests that the Complaint be dismissed and that it be awarded its expenses incurred in defending this action, including but not limited to, its costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

UNUMPROVIDENT (which should properly be Unum Life Insurance Company of America)
/s/ Mary C. Zinsner
Mary C. Zinsner, District of Columbia Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com
Counsel for UnumProvident

7

David E. Constine, III, Esquire
Virginia State Bar No. 23223
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record and mailed copies of the foregoing via first-class U.S. mail to the following:

Ms. Khadija Duma
1840 Massachusetts Avenue, S.E.
Washington, D.C. 20003


Fannie Mae
Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016


Dror Oppenheimer
c/o Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016


Karen Mychalus
c/o Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016


Verna Robinson
c/o Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016

    /s/ Mary C. Zinsner
Mary C. Zinsner, Esquire
District of Columbia Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340

1723354_1.DOC