IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

        Plaintiff,

v.    Civil Action No. 1:08-cv-00581

UNUM PROVIDENT, *et al.*,

        Defendants.

### DEFENDANT UNUM PROVIDENT'S
### PARTIAL MOTION TO DISMISS

Defendant "Unum Provident" ("Unum Provident" or "Defendant"),[1] by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss the claims asserted against it by Khadija Duma ("Plaintiff") based on 1) the First Amendment to the United States Constitution; 2) the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 15 U.S.C. §§ 7201, *et seq.*; 3) the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*; 4) the alleged violations of Plaintiff's civil rights; and 5) the alleged discrimination against Plaintiff based on her race, gender, and age for the reasons more specifically set forth in the accompanying memorandum.

WHEREFORE, Unum Provident hereby requests that its Partial Motion to Dismiss be granted; that the Court dismiss with prejudice all of Plaintiff's claims against Unum Provident other than the claim for long-term disability benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*; and that Unum Provident be awarded its costs and expenses incurred herein.

---

[1] In her Complaint, Plaintiff erroneously named "Unum Provident" as a party defendant. Unum Life Insurance Company of America ("Unum") is the claims fiduciary for the employee welfare benefit plan at issue in this lawsuit, and therefore is the proper party defendant regarding Plaintiff's claim for long-term disability benefits.

UNUMPROVIDENT (which should properly be Unum Life Insurance Company of America)


/s/ Mary C. Zinsner
Mary C. Zinsner, District of Columbia Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com
Counsel for UnumProvident

David E. Constine, III, Esquire
Virginia State Bar No. 23223
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record and mailed copies of the foregoing via first-class U.S. mail to the following:

Ms. Khadija Duma
1840 Massachusetts Avenue, S.E.
Washington, D.C. 20003

Fannie Mae
Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016

Dror Oppenheimer
c/o Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016

Karen Mychalus
c/o Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016

Verna Robinson
c/o Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, D.C. 20016

    /s/ Mary C. Zinsner
Mary C. Zinsner, Esquire
District of Columbia Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340

1724210_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

        Plaintiff,

v.                            Civil Action No. 1:08-cv-00581

UNUM PROVIDENT, *et al.*,

        Defendants.

**MEMORANDUM OF DEFENDANT UNUM PROVIDENT
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant "Unum Provident" ("Unum Provident" or "Defendant"),[1] by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss the claims asserted against it by Khadija Duma ("Plaintiff") based on 1) the First Amendment to the United States Constitution; 2) the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 15 U.S.C. §§ 7201, *et seq.*; 3) the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*; 4) the alleged violations of Plaintiff's civil rights; and 5) the alleged discrimination against Plaintiff based on her race, gender, and age.

**Introduction**

The *pro se* Plaintiff has effectively combined two separate and unrelated lawsuits into one. On one hand, Plaintiff asserts a claim arising out of Defendant's termination of her group long-term disability ("LTD") benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* At the same time, Plaintiff asserts

---

[1] In her Complaint, Plaintiff erroneously named "Unum Provident" as a party defendant. Unum Life Insurance Company of America ("Unum") is the claims fiduciary for the employee welfare benefit plan at issue in this lawsuit, and therefore is the proper party defendant regarding Plaintiff's claim for long-term disability benefits. Each of the arguments set forth herein is equally pertinent to Unum Provident and Unum.

1

five additional, unrelated employment law claims arising solely out of the alleged manner in which she was treated by her former employer, Defendant Fannie Mae. Unfortunately, Plaintiff has lumped all of the claims into a single, convoluted Complaint, in which she appears to assert all of her claims against all of the Defendants, without regard to the legal or factual propriety of the claims against each particular defendant. Moreover, Plaintiff has completely failed to assert a sufficient factual foundation to support liability against Unum Provident as to any of the non-ERISA claims. Therefore, Defendant moves for dismissal of all the claims asserted against it other than her claim for LTD benefits pursuant to ERISA.

By virtue of her employment, Plaintiff was eligible to participate in Fannie Mae's employee welfare benefit plan (the "Plan"). The Plan provides, *inter alia*, LTD benefits to eligible participants who meet the Plan's definition of disability. Unum serves as the claims fiduciary for the Plan, and has discretionary authority to interpret and apply the terms of the Plan and to approve or deny any benefit claims. Thus, after a claimant has exhausted her administrative remedies, Unum would be a proper party defendant in a lawsuit to recover LTD benefits. To that effect, Plaintiff's claim under ERISA to recover the LTD benefits terminated by Unum is not the subject of this motion to dismiss.[2]

On the other hand, there is no plausible set of facts or legal theories that could support the remaining claims against Defendant. As an initial matter, Plaintiff has alleged no facts whatsoever that could support a claim for liability against Defendant under any of her non-ERISA theories of relief. Indeed, it is likely that Plaintiff did not even intend to assert these causes of action against Unum Provident. Rather, it is more likely that Plaintiff's claim for relief against Unum Provident on the non-ERISA causes of action was merely a pleading error.

---

[2] The allegations in the first half of Plaintiff's Complaint (¶¶ 1-12) relate to her claim against Defendant for LTD benefits. Conversely, the second half of the Complaint, beginning with the sub-heading "Fannie Mae 101" (¶¶ 13-26), relates solely to her employment relationship with Fannie Mae.

2

Nevertheless, Defendant must make this motion to clarify that no such claims are being asserted against it and, if they are, those claims are dismissed.

In addition to the complete failure to allege facts supporting a valid claim for relief based on the non-ERISA causes of action, they fail as a matter of law for a number of reasons. For example: (1) Plaintiff's First Amendment claim fails for lack of any state action; (2) Plaintiff was not employed by Defendant and, therefore, could not have been a "whistleblower" or suffered any retaliatory action by Defendant in violation of SOX; (3) Plaintiff's claims for alleged race, gender and age discrimination also fail because she was never employed by Defendant; (4) Plaintiff has not and cannot allege any pattern of criminal racketeering, conspiracy, or predicate acts on the part of Defendant; and, (5) Plaintiff's claim for alleged violation of her "civil rights" fails as a matter of law because no specific violation is identified.

Simply put, even under the most *liberal* interpretation of the Complaint, Plaintiff has sufficiently pleaded only a single claim against Defendant, and that is a claim for LTD benefits that is governed by ERISA. None of the other claims relate in any way to Defendant or the decision to terminate Plaintiff's benefits. Therefore, the Court should dismiss those claims as they relate to Defendant with prejudice.

## Allegations in the Complaint[3]

### A. Allegations against Defendant

Plaintiff filed this lawsuit seeking, among other things, "immediate full payment of the long-term disability payments [Defendant] should have paid [to Plaintiff]." (Compl., pp. 2, 11). Plaintiff alleges that Defendant "arbitrarily and capriciously denies legitimate long-term disability claims." (Compl., ¶ 1). Plaintiff makes the unsupported accusation that Defendant is motivated by making "millions of dollars each and every year by denying legitimate claims." (Compl., ¶ 3).

In regard to her claim, Plaintiff alleges that she received LTD benefits from Defendant for a limited period. (Compl., ¶ 1). Defendant terminated her benefits based, in part, on incorrect or mistaken medical records provided to Defendant by at least one of her doctors. (Compl., ¶ 2). Pursuant to ERISA, Plaintiff appealed Defendant's decision to terminate her benefits. (Compl., ¶ 10). However, Defendant committed an allegedly "dishonorable denial of benefits" by upholding its original decision to terminate Plaintiff's benefits. (Compl., ¶ 5). Plaintiff alleges that she was and continues to be disabled due to pain in her legs and lower back. (Compl., ¶¶ 9, 10). Plaintiff alleges that she is unable to return to work and/or perform her former job duties. (Compl., ¶ 12). There is no allegation that Defendant was ever Plaintiff's employer, nor could there be such an allegation.

---

[3] For purposes of a motion to dismiss, the allegations made in the Complaint are construed in a light most favorable to Plaintiff, and all material allegations in the Complaint, as well as any reasonable inferences to be drawn from them are accepted as true. *Hosp. Bldg. Co. v. Trustees of the Rex Hosp.*, 425 U.S. 738 (1978). Accordingly, Defendant does not agree with Plaintiff's Complaint, but for purposes of this motion, it is taken as true. The facts stated in this section are recitations of those alleged by Plaintiff in the Complaint. The Complaint will be cited as "Compl., ¶ ___."

### B.     Allegations against Defendants Fannie Mae, Oppenheimer, Mychalus, and Robinson

Along with the recovery of her LTD benefits, Plaintiff seeks also a long list of remedies (Compl., pp. 2, 11) arising solely out of her employment with Fannie Mae. Plaintiff began full-time employment with Fannie Mae in June of 2000. (Compl., ¶ 14). Plaintiff alleges that she became an "inside whistleblower" shortly after switching to the mortgage operations division of Fannie Mae. (Compl., ¶¶ 17, 18). However, Plaintiff's supervisors allegedly responded to Plaintiff's concerns by creating a hostile work environment around her. (Compl., ¶ 18). Fannie Mae allegedly failed to investigate any of Plaintiff's whistleblower assertions.[4] (Compl., ¶¶ 18, 19). Instead, Plaintiff alleges that she "was punished for opening [her] mouth." (Compl., ¶ 23). Plaintiff also filed a "discrimination complaint against Fannie Mae" based on race, gender, and age discrimination. (Compl., ¶ 19). However, Plaintiff alleges that the "charging documents" were never signed or returned to the Equal Employment Opportunity Commission. (Compl., ¶ 19).

Thereafter, Plaintiff alleges that Fannie Mae and her supervisors, Oppenheimer, Mychalus, and Robinson, began to engage in conduct which led to a long list of grievances against her. (Compl., ¶ 21, 22, 24, 26). Fannie Mae allegedly allowed Plaintiff's former manager to alter retroactively her employment evaluations to reflect poor job performance. (Compl., ¶ 21). Defendant Robinson allegedly "was relentless in her harassment" of Plaintiff. (Compl., ¶ 22). Another supervisor intimidated Plaintiff into withdrawing an application for a new position because Plaintiff's co-workers were upset with her for disclosing failings in the primary financial system. (Compl., ¶ 24). Based on the allegations in the Complaint, Plaintiff is plainly asserting her claims under the First Amendment, SOX, and RICO, and the alleged civil

---

[4] Yet, Plaintiff alleges also that the legal department at Fannie Mae called her to investigate her whistleblower assertion, but she was out on disability leave. (Compl., ¶ 25).

5

rights and discriminatory claims against Fannie Mae, Oppenheimer, Mychalus, and Robinson, and not Defendant. (Compl., pp. 2, 11, ¶¶ 13-26).[5]

## Argument

### A. Standard of Review

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65, 167 L. Ed. 2d at 940. Accordingly, Plaintiffs' "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, 167 L. Ed. 2d at 940. Along with her ERISA claim, Plaintiff has alleged five additional causes of action against Defendant—none of which are supported by any factual allegations. Instead, Plaintiff asserts bare, vague, and conclusory claims. The Court should dismiss each of these unsupported claims as to Unum Provident

### B. Plaintiff's First Amendment claim against Defendant should be dismissed.

Plaintiff alleges that her "constitutionally-guaranteed first amendment right of freedom of speech" has been violated. (Compl., pp. 2, 11). The Complaint, however, contains absolutely no allegations as to how Defendant in any way interfered with Plaintiff's First Amendment rights. Moreover, Plaintiff's claim is fatally flawed because she does not (and cannot) allege that Defendant is a state actor. *See, e.g., Hurley v. Irish-American Gay, Lesbian, & Bisexual Group of Boston*, 515 U.S. 557, 566 (1995) ("[T]he guarantees of free speech and

---

[5] The non-ERISA claims suffer from many legal defects, whether they are asserted against Unum Provident or Fannie Mae. Because those claims so obviously do not involve it, however, Unum Provident shall limit its focus to the arguments which are most pertinent to its defenses.

equal protection guard only against encroachment by the government and 'erect no shield against merely private conduct.'") (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)); *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982) ("[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech . . . [and does not apply] to acts of private persons or entities."). Defendant is not a governmental entity and is not alleged to be one. Accordingly, Plaintiff's First Amendment claim is frivolous and should be dismissed. *See Thayer v. Group Hosp. & Med. Serv., Inc.*, 674 F. Supp. 924, 926 (D.D.C. 1987) (dismissing ERISA claimant's First Amendment claims against insurer for failure to allege state action).

### C. Plaintiff's SOX claims against Defendant should be dismissed.

Again, in wholly conclusory fashion, Plaintiff alleges her rights under the "criminal and/or civil whistleblower provision(s)" of SOX have been violated. (Compl., pp. 2, 11). Plaintiff does not allege, however, how Defendant has violated SOX.

SOX provides two whistleblower causes of action: 18 U.S.C. § 1514A (Protection for Employees of Publicly Traded Companies) and 15 U.S.C. § 78o-6 (Securities Analyst Protection). Neither provision applies to Defendant because, among other things, these provisions are designed to protect employment relationships and Defendant was neither Plaintiff's employer nor did it have any control over the terms and conditions of Plaintiff's employment. To sufficiently plead a whistleblower claim under SOX, a plaintiff must allege that 1) the employee engaged in a protected activity; 2) the employer knew or suspected that the employee engaged in the protected activity; 3) the employee suffered an unfavorable personnel action; and 4) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the unfavorable action. *See* 29 C.F.R. § 1980.104. Plaintiff has not and cannot assert these allegations against Defendant.

Section 1514A states that no public company may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee who provides information to or assists in an investigation relating to a violation of any rule of the Securities and Exchange Commission or any federal law relating to fraud against shareholders. 18 U.S.C. § 1514A(a)(1). Plaintiff does not allege that she was employed by Defendant; she does not allege that Defendant knew of any of her alleged whistleblowing activities; and she does not allege that Defendant took any adverse employment action against her. Accordingly, Plaintiff has completely failed to state a claim under section 1514A of SOX.

Section 78o-6 of SOX forbids brokers and dealers who are involved with investment banking activities from retaliating against any securities analyst employed by that broker or dealer as a result of an adverse or unfavorable research report that may adversely affect the broker or dealer. 15 U.S.C. § 78o-6. Obviously, Defendant is neither a securities broker nor a dealer. It is not involved in investment banking activities. There are no allegations in the Complaint that Plaintiff was employed by Defendant at any time or that she is or ever was a securities analyst. This section of SOX is therefore plainly not applicable.

The only allegations of whistleblowing and retaliation contained in the Complaint are based on alleged adverse actions taken by Fannie Mae relating to the mention of a hostile work environment and the denial of a promotion. (Compl., ¶¶ 17-25). There are no allegations that Unum Provident did any of these things. In fact, of course, Unum Provident was not Plaintiff's employer and could not have committed the adverse actions alleged, which all relate to the terms and conditions of Plaintiff's employment. Accordingly, the Court should dismiss the SOX claim against Defendant.

**D.    Plaintiff's RICO claim against Defendant should be dismissed.**

Plaintiff asserts that her rights have been violated under RICO. (Compl., pp. 2, 11). Again, however, no facts are alleged which demonstrate how Defendant was involved in any such violation.

Under RICO, civil plaintiffs can sue to recover trebled compensatory damages and attorneys fees when a defendant "enterprise" has engaged in pattern of racketeering activity. 18 U.S.C. §§ 1962, 1964. To state a claim that a defendant in a civil case has violated RICO, a plaintiff must allege either that a defendant violated one of several federal or state laws related to traditional organized crime activity (i.e., murder, extortion, etc.) or that a defendant violated one of the many federal criminal statutes enumerated in the 18 USC §1961(1). This violation, or "predicate act," must be alleged in order to begin the analysis of whether or not a defendant has violated RICO by engaging in an organized pattern of criminal activity that rises to the level of racketeering.

Plaintiff has made no allegations to support her RICO claim against Defendant. She does not allege that Defendant engaged in a predicate act or that Defendant was somehow involved in a pattern of racketeering activity that caused her any loss. There are no facts to support a claim of a conspiracy between Defendant and any of the other defendants, much less a conspiracy involving a predicate act. The only loss alleged by Plaintiff to have been caused by Defendant is the termination of her LTD benefits. That claim is governed by ERISA. (Compl., pp. 2, 11, ¶¶ 1-12). Plaintiff has simply failed to allege any facts sufficient to support a RICO claim against Defendant, and therefore the claim should be dismissed.

### E. Plaintiff's claim for an alleged violation of her "civil rights" should be dismissed.

Plaintiff asserts that her "civil rights" have somehow been violated. Plaintiff, however, provides no information as to what rights Defendant allegedly violated. Nor does Plaintiff explain how Defendant violated these undisclosed rights. Such vague and conclusory assertions will not survive a motion to dismiss. *See Slagle v. Clarion*, 435 F.3d 262, 268 (3d. Cir. 2006) (affirming dismissal because complaint's "vague allegations of 'civil rights' violations" did not sufficiently state a claim); *Barkus v. Keiser*, No. 00-7044, 2000 U.S. App. LEXIS 23638, at *4-6 (10th Cir. 2000) (affirming dismissal because *pro se* plaintiff's "vague and conclusory" civil rights allegations provide "no arguable basis for relief in either law or fact"); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978) (same). Indeed, courts require a minimum degree of specificity from claimants asserting civil rights violations. *See Hobson v. Wilson*, 737 F.2d 1, 29-31 fn.87 (D.C. Cir. 1984) (citing numerous cases for the proposition that "every other circuit follows suit in requiring that civil rights complaints be pleaded with at least a minimum of specificity").

Plaintiff has stated no facts whatsoever supporting her conclusory civil rights claim against Defendant. The Complaint contains no description of how Defendant allegedly violated any of her civil rights or which, if any, civil rights Defendant has allegedly violated. The claim should be dismissed.

F.     **Plaintiff's discrimination claims against Defendant should be dismissed.**

Plaintiff alleges that she was discriminated against in her employment based on her race, gender, and age. Plaintiff refers to these claims as "EEOC" claims and therefore are presumably based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* (Compl., ¶ 19) (alleging that Plaintiff filed a claim against Fannie Mae for race, gender, and age discrimination).

Under Title VII and ADEA, employees may bring claims against their *employer* for alleged discriminatory or retaliatory acts adversely affecting their terms and conditions of employment. 42 U.S.C. § 2000e-5; 29 U.S.C. 623(d). Unum Provident is not alleged to have been Plaintiff's employer and there are no allegations that Unum Provident took any adverse action in regard to Plaintiff's employment. To the contrary, Plaintiff's claims in this regard are limited to the alleged conduct of Fannie Me, *i.e.*, the alleged hostile work environment and failure to promote. (Compl., ¶¶ 13-26). Accordingly, Plaintiff has completely failed to state a claim against Unum Provident upon which relief can be granted for race, gender or age discrimination.

## Conclusion

Based on the foregoing reasons, Unum Provident requests that the Court dismiss with prejudice Plaintiff's claims against it other than the claim for long-term disability benefits governed by ERISA.

UNUMPROVIDENT (which should properly be Unum Life Insurance Company of America)


/s/ Mary C. Zinsner
Mary C. Zinsner, District of Columbia Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com
Counsel for UnumProvident

David E. Constine, III, Esquire
Virginia State Bar No. 23223
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record and mailed copies of the foregoing via first-class U.S. mail to the following:

        Ms. Khadija Duma
        1840 Massachusetts Avenue, S.E.
        Washington, D.C. 20003

        Fannie Mae
        Legal Department
        3900 Wisconsin Avenue, NW
        Washington, D.C. 20016

        Dror Oppenheimer
        c/o Fannie Mae Legal Department
        3900 Wisconsin Avenue, NW
        Washington, D.C. 20016

        Karen Mychalus
        c/o Fannie Mae Legal Department
        3900 Wisconsin Avenue, NW
        Washington, D.C. 20016

        Verna Robinson
        c/o Fannie Mae Legal Department
        3900 Wisconsin Avenue, NW
        Washington, D.C. 20016

                /s/ Mary C. Zinsner
                Mary C. Zinsner, Esquire
                District of Columbia Bar No. 430091
                Troutman Sanders LLP
                1660 International Drive, Suite 600
                McLean, VA 22102
                (703) 734-4334
                FAX (703) 734-4340