UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

KHADIJA DUMA, )
 )
  Plaintiff, )
 )
 v. ) Civil Action No. 1:08-CV-00581
 ) District Judge: John D. Bates
UNUM PROVIDENT, FANNIE MAE )
DROR OPPENHEIMER, KAREN )
MYCHALUS, VERNA ROBINSON )
 )
  Defendants. )
 )

**THE FANNIE MAE DEFENDANTS MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

Defendant, Fannie Mae (formally referred to as the Federal National Mortgage Association), and Individual Defendants Dror Oppenheimer, Verna Tidmore, and Karen Mychalus hereby file this Motion to Dismiss the Complaint filed by the Plaintiff Khadija Duma.[1] For the reasons set forth below, and pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, Defendants request that any legally cognizable claims which survive the instant Motion be compelled to arbitration pursuant to the Fannie Mae Dispute Resolution Policy. As grounds for the instant Motion, Defendants state as follows:

1.  Plaintiff's discrimination claims must be dismissed because she did not exhaust her administrative remedies, nor has she articulated claims upon which relief can be granted.

---

[1] Individual Defendants Dror Oppenheimer and Verna Robinson have not been formally served with Plaintiff's Complaint as of the time of this writing. Without waiving their right to formal service, Defendants Oppenheimer and Robinson join in and consent to the relief requested in this Motion. Defendants further note that Defendant Robinson legally changed her name to Verna Tidmore subsequent to Plaintiff's termination from the Company. Accordingly, for the remainder of this Motion, she will be referred to under her legal name and Defendant request that the docket and case style reflect the name change.

2. Plaintiff has not articulated facts with sufficient particularity to support a civil RICO claim.

3. Plaintiff's SOX claims should be dismissed because they are untimely and she cannot demonstrate that she engaged in statutorily protected activity.

4. Plaintiff cannot state a claim under ERISA.

5. Plaintiff cannot assert a cause of action under the First Amendment.

6. To the extent any of Plaintiff's claims against Fannie Mae or the Individual Defendants survive this Motion such claims should be compelled to arbitration.

## CONCLUSION

Based upon the arguments and authorities set forth more fully in the concurrently filed Memorandum of Points and Authorities, the Fannie Mae Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and award Fannie Mae costs, fees and other relief the Court finds appropriate.

Dated: April 29, 2008

                                          /s/
Damien G. Stewart, D.C. Bar No.: 465266
Madonna A. McGwin, D.C. Bar No.: 293795
3900 Wisconsin Avenue, NW
Washington, D.C. 20016
202-752-6871 (Tel)
703-997-7405 (Fax)

*Counsel for Defendant Fannie Mae*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2008, a copy of Defendants' Motion to Dismiss, or in the Alternative Motion to Compel was served electronically (if available) and otherwise by first-class mail upon the following:

Khadija Duma
1840 Massachusetts Avenue, SE
Washington, D.C. 20003

_____/s/_____
Damien G. Stewart

UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KHADIJA DUMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-00581 |
| ) | District Judge: John D. Bates |
| UNUM PROVIDENT, FANNIE MAE, ) | |
| DROR OPPENHEIMER, KAREN ) | |
| MYCHALUS, VERNA ROBINSON, ) | |
| ) | |
| Defendants. ) | |

**THE FANNIE MAE DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITES IN SUPPORT OF THEIR MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

Defendant Fannie Mae (formally referred to as the Federal National Mortgage Association), and Individual Defendants Dror Oppenheimer, Karen Mychalus, Verna Tidmore[1] (hereinafter together referred to as the "Fannie Mae Defendants") hereby file this Motion to Dismiss the Complaint filed by the Plaintiff Khadija Duma. For the reasons set forth below, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, the Fannie Mae Defendants request that any legally cognizable claims which survive the instant Motion be compelled to arbitration pursuant to the Fannie Mae Dispute Resolution Policy.

---

[1]  Individual Defendants Dror Oppenheimer and Verna Robinson have not been formally served with Plaintiff's Complaint as of the time of this writing, however, without waiving the requirements of individual service, they join with the served Fannie Mae Defendants in this Motion to Dismiss. The Fannie Mae Defendants further note that Defendant Robinson legally changed her name to Verna Tidmore subsequent to Plaintiff's termination from the Company. Accordingly, for the remainder of this Motion, she will be referred to under her legal name and Defendant request that the docket and case style reflect the name change.

PRELIMINARY STATEMENT

Fannie Mae is a private, federally-chartered, shareholder-owned corporation, with its principal place of business in the District of Columbia. Fannie Mae employed Plaintiff – on an at-will basis – to work as a full-time regular employee from June 2000 through April 2005. At all times relevant hereto, Plaintiff was employed as a Senior Business Analyst in Fannie Mae's Asset Development and Management Department where she reported to Individual Defendants Karen Mychalus and Verna Tidmore. Plaintiff's employment with the Company was marked by severe interpersonal conflicts with peers and her management team, as well as several performance deficiencies. Due to these personnel/performance problems, on May 21, 2003, Plaintiff was offered the opportunity to resign from the company voluntarily (in the form of a Voluntary Separation Option, or "VSO"), which would have permitted her to resign from the Company (in lieu of a performance-based termination) in exchange for monetary consideration and her release of the company from all claims she may have had at that time.

On that same date that the VSO was offered to her, Plaintiff went out short-term disability with job-protected leave under the family and medical leave benefit. Following the exhaustion of her family and medical leave benefit in August 2003, Plaintiff remained on Fannie Mae's short-term disability until that exhausted, at which point she applied for long-term disability – and was accepted, on November 25, 2003, by Fannie Mae's long-term disability carrier, Defendant Unum Life Insurance Company of America ("UNUM").

On or about April 27, 2004, UNUM informed Fannie Mae that Plaintiff was no longer covered by long-term disability and was authorized to return to work. Upon information and belief, Plaintiff appealed the cancellation of Plaintiff's long-term disability coverage with UNUM, which company had complete discretion to determine Plaintiff's case. During the

pendency of her appeal, Plaintiff remained as an inactive, unpaid employee of Fannie Mae (with no specific job and no job protection) beginning on April 27, 2004. Her employment with Fannie Mae ended on April 4, 2005, when she refused to return to work.

In this case, Plaintiff alleges that she was wrongfully denied benefits in violation of the Employee Retirement Income Security Act ("ERISA"), under Fannie Mae's long-term disability benefits plan which is administered by UNUM. In conclusory fashion, she alleges that Fannie Mae, through the Individual Defendants, demonstrated its intent to prevent her from obtaining benefits. She does not articulate what actions the Individual Defendants allegedly engaged in to frustrate her purposes. More importantly (and not surprisingly), there are no factual allegations that Fannie Mae even participated in the decision to deny Plaintiff long-term disability benefits. In addition to the ERISA claims, Plaintiff alleges that Fannie Mae and the Individual Defendants violated her rights under the First Amendment (freedom of speech), Title VII of the Civil Rights Act of 1964, the Sarbanes-Oxley Act of 2002 ("SOX"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 ("RICO"). As set forth more fully below, Plaintiff's claims are without merit as she cannot assert causes of action against Fannie Mae or the Individual Defendants under any of those theories. Accordingly, judgment as a matter of law is appropriate in this matter.

STANDARD OF REVIEW

A district court should grant a defendant's 12(b)(6) motion to dismiss where (as here) it is clear that no relief could result under any facts consistent with the complaint's allegations. See Conley v. Gibson, 355 U.S. 41, 45-47 (1957); EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, in evaluating the Fannie Mae Defendants' motion, the

Court should assume the truth of all of the factual allegations set forth in plaintiff's Complaint. Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

## ARGUMENT AND CITATIONS OF AUTHORITY

A.     Plaintiff's Discrimination Claims Must Be Dismissed Because She Did Not Exhaust Her Administrative Remedies, Nor Has She Articulated Claims Upon Which Relief Can Be Granted.

Plaintiff alleges that she discovered (unidentified) "incorrect practices" and advised officials in her management chain about her unspecified concerns.[2] Instead of supporting her, Plaintiff alleges that the Individual Defendants subjected her to a hostile work environment (based upon her race, sex and age). See Complaint at ¶18. Without describing the conduct that rendered the environment "hostile," Plaintiff claims that she obtained a discrimination charge form from the Equal Employment Opportunity Commission ("EEOC"), intending to file a charge. She concedes, however, that she never completed the document *and never filed it*.[3] Since Plaintiff never actually filed her discrimination charge with the EEOC -- and Fannie Mae has no record of having received a Notice of Charge from the EEOC -- she cannot pursue those claims here. It is well-settled that a plaintiff must first file a charge with the EEOC before seeking relief in court. See Hopps v. Washington Metropolitan Area Transit Auth., 480 F.Supp.2d 243, 250 (D.D.C. 2007) (noting that a plaintiff must first exhaust administrative remedies by filing a discrimination charge within 180 days of the alleged discriminatory act). Failure to file a timely charge is grounds for dismissal. See Washington v. WMATA, 160 F.3d 750, 752-53 (D.C. Cir. 1998).

---

[2]     Plaintiff also claims that she sent a forty-page memo to both the former and current Chief Executive Officer of Fannie Mae wherein she discussed the alleged harassment and requested their assistance. See Complaint ¶18.

[3]     Plaintiff admits that representatives of the Commission informed her that the deadline to pursue her claims against Fannie Mae had already expired. See Complaint at ¶8.

Even if Plaintiff had filed a timely charge (which she did not), dismissal is still warranted because she has not pled sufficient facts to state a hostile work environment claim against Fannie Mae or the Individual defendants. Title VII makes it unlawful to require people to work in a discriminatorily hostile or abusive work environment. See Singletary v. District of Columbia, 351 F.3d 519, 526 (D.C. Cir. 2003). The statute does not, however, permit individuals to be sued in their personal capacities. "Individuals in Title VII cases are really only a 'nominal defendant' and the plaintiff can only seek relief against the employer." Bowers v. Janey, 468 F.Supp.2d 102, 105 (D.D.C. 2006). In order to demonstrate a *prima facie* Title VII hostile environment case against Fannie Mae, Plaintiff must show that: (i) she is a member of a protected class; (ii) she was subjected to unwelcome harassment; (iii) based on her protected class; (iv) the harassment had the effect of interfering with her work performance and created a hostile working environment; and (v) the existence of respondeat superior. Davis v. Coastal Int'l Security, Inc., 275 F.3d 1119, 1122-23 (D.C. Cir. 2002). Dismissal is warranted because Plaintiff cannot satisfy her *prima facie* burdens.

Assuming the truth of Plaintiff's allegations solely for purposes of the instant Motion, the Court will find an absence of actionable conduct under applicable law. Plaintiff describes an environment where her immediate supervisor Verna Tidmore paged her out of meetings, and occasionally raised her voice at Plaintiff. See Complaint ¶22. The second level supervisor, Karen Mychalus allegedly placed Plaintiff on troubled projects. And, Plaintiff alleges that Defendant Oppenheimer changed her title from a Senior Project Manager to a Senior Business Manager performing a testing function and provided a copy of the job description to UNUM. Id. For purposes of fulfilling her pleading obligations, the deficiencies in Plaintiff's allegations are glaring. There is no allegation that the Fannie Mae Defendants engaged in these acts because of

5

Plaintiff's protected status (race, sex, age, or disability) and there is no indication that the conduct affected Plaintiff's work performance. Rather, Plaintiff concedes she completed the projects Defendant Mychalus assigned to her successfully and that Mychalus noted her accomplishments in a performance appraisal. Id.

The court must look to the totality of the circumstances in order to determine whether the alleged conduct is sufficiently severe or pervasive to be actionable, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance. See Hopps, 480 F.Supp.2d at 253 (citing, AMTRAK v. Morgan, 536 U.S. 101, 116 (2002). By that standard, this Court should find that the Complaint describes non-actionable conduct that is not unexpected in the workplace. See Faragher v. City of Boca Raton, 524 U.S.775, 788 (1998) (noting that the standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a "general civility code" and filters our complaints attacking the "ordinary tribulations of the workplace such as sporadic use of abusive language, gender-related jokes, and occasional teasing"). Accordingly, Plaintiff's discrimination claims should be dismissed in their entirety.

  B. Plaintiff Has Not Articulated Facts With Sufficient Particularity To Support A Civil RICO Claim.

Upon review of Plaintiff's Complaint it is unclear what allegations support her claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 ("RICO"). Congress enacted RICO generally to target the exploitation and appropriation of legitimate business by corrupt individuals. See Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639, 883 F.2d 132, 139 (D.C. Cir. 1989), *modified on other grounds*, 913 F.2d 948

(D.C. Cir. 1990), *cert denied*, 501 U.S. 1222 (1991). See also, Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 165 (2001) (noting that the legislative history of Section 1962(c) "refers frequently to the importance of undermining organized crime's influence upon legitimate businesses. . .[as well] as the need to protect the public from those who would run organizations in a manner detrimental to the public interest"). Plaintiff has not articulated any facts that remotely fall within the purpose or intent of this statute.

RICO provides, in relevant part, that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate foreign commerce, to conduct or participate, directly or indirectly in the conduct of such enterprise's affairs through a pattern or racketeering activity." 18 U.S.C. §1962(c). To survive a motion to dismiss, a plaintiff bringing a civil RICO claim must allege that: (i) a person or persons, (ii) associated with an enterprise, (iii) conducted, (iv) the affairs of the enterprise, (iv) through a pattern, (v) of racketeering activity. See Emmanuel Brown v. Wachovia Bank, 2007 U.S. Dist. LEXIS 34259, at *12 (D.D.C. May 10, 2007). Plaintiff must state such allegations with particularity according to the heightened pleading standards set forth at Rule 9(b) of the Federal Rules. See Prunte v. Univ. Music Group, 484 F.Supp.2d 32, 43 (D.D.C. 2007). Plaintiff has not done so. The term "racketeering activity" speaks to the predicate acts of murder, kidnapping, arson, extortion, mail and wire fraud, threats of serious physical harm, and a variety of other offenses set forth at 18 U.S.C. §1961(1), none of which are mentioned in Plaintiff's Complaint. Failing to allege a single instance of racketeering activity, Plaintiff cannot demonstrate a "pattern" exists which would require at least two instances of such activity. See 18 U.S.C. §1961(5).

Plaintiff's RICO claims are also flawed because there are no allegations supporting her position that Fannie Mae or the Individual Defendants participated in a prohibited RICO enterprise. The RICO statute defines "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. §1961(3). An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4). A RICO enterprise must be proved by evidence of an ongoing organization, formal or informal, any by evidence that the various associates comprising the enterprise function as a continuing unit. See United States v. Turkette, 452 U.S. 576, 583 (1981). The enterprise must also be legally distinct from the RICO person or persons who are alleged to be engaged in a pattern of racketeering activity through the enterprise's affairs. See Kushner, 533 U.S. at 161. This Circuit has held that the same entity cannot be named as a RICO enterprise and as a RICO defendant. See Confederate Mem'l Ass'n v. Hines, 995 F.2d 295, 300 (D.C. Cir. 1993). Plaintiff must allege and prove the existence of a "person" and an "enterprise" that is not simply the same "person referred to by a different name. See Kushner, 533 U.S. at 161. Neither Fannie Mae, nor the Individual Defendants have been alleged to have acted through another entity. Similarly, there is no allegation that Fannie Mae or the Individual Defendants participated with Defendant UNUM in a separate "enterprise" for purposes of the statute. In view of these deficiencies, Defendant Fannie Mae and the Individual Defendants request that the Court dismiss Plaintiff's RICO claims.

C.  Plaintiff's SOX Claims Should Be Dismissed Because They Are Untimely.

In her Complaint, Plaintiff alleges that she "saw practices that were incorrect [and] reported them to [her] direct-line manager." See Complaint at ¶18. Plaintiff alleges further that when she

8

was asked to do something that was "incorrect" she advised Individual Defendants Tidmore, Mychalus and Oppenheimer. She claims that she became an insider whistleblower. Id. Plaintiff also alleges that she informed a friend, an unidentified (retired) administrative law judge with the U.S. Securities and Exchange Commission "about problems [she] was having as a whistleblower." These allegations do not support a claim under Section 806 of SOX, codified at 18 U.S.C. § 1514A, which creates a private cause of action for employees of publicly-traded companies who are retaliated against for engaging in certain protected activity. Section 1514A(a) states, in relevant part:

> No [publicly-traded company] . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee--(1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C.] section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by--(C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct) . . . .

18 U.S.C. § 1514A(a)(1)(C). In order to bring a SOX whistleblower action, an aggrieved employee must first voice their complaint with the Secretary of Labor *no later than 90 days after the date on which the alleged violation occurred.* Id. § 1514A(b)(2)(D). There is no allegation that Plaintiff complied with this administrative prerequisite. Instead, she improperly attempts to assert her claims in this forum *three years* after her termination from the Company. Accordingly, The Fannie Mae Defendants request that the Court dismiss Plaintiff's untimely SOX claims.

Even if the Court finds that Plaintiff's SOX claims are timely (which they are not), such claims are nevertheless ripe for dismissal because Plaintiff has not stated a claim upon which relief can be granted. To prevail, an employee must prove by a preponderance of the evidence that: (i) she engaged in protected activity; (ii) the employer knew that she engaged in the protected activity; (iii) she suffered an unfavorable personnel action; and (iv) the protected activity was a contributing factor in the unfavorable action. See Allen v. ARB, No. 06-60849, 2008 LEXIS 1236, at *15 (5th Cir. Jan. 22, 2008) (citing, 49 U.S.C. § 42121(b)(2)(B)(iii)). See also, Stojicevic v. Arizona-American Water, ARB Case No. 05-081, 2007 DOL Ad. Rev. Bd. LEXIS 102, 2007 WL 3286331, at *7 (ARB Oct. 30, 2007).

Plaintiff has not alleged that she engaged in statutorily protected activity. "An employee's protected communications must relate definitively and specifically to the subject matter of the particular statute under which protection is afforded." Platone v. FLYI, Inc., ARB Case No. 04-154, 2006 DOL Ad. Rev. Bd. LEXIS 89, 2006 WL 3246910, at *8 (ARB Sep. 29, 2006). An aggrieved employee's communications must "definitively and specifically" relate to any of the listed categories of fraud or securities violations under 18 U.S.C. §1514A(a)(1). Dismissal is appropriate in this case because Plaintiff has not identified the nature of her communications to Fannie Mae management, nor has she shown that they related to any of the enumerated provisions set forth at 18 U.S.C. §1514A(a)(1).

D. Plaintiff Cannot State A Claim Under ERISA.

Plaintiff alleges that she was denied benefits under Fannie Mae's long-term disability plan in April 2004. She claims that she was certified to return to work at that time even though she was physically unable to do so. Plaintiff appealed the rejection of her benefits claim. She

alleges that the processing of her appeal was frustrated, not by Fannie Mae or the Individual Defendants, but by an administrative assistant in the physician's office who conducted the evaluation. See Complaint ¶¶1-2. With regard to Fannie Mae, Plaintiff alleges in conclusory fashion that Fannie Mae demonstrated its intent to prevent her from receiving disability benefits. There are no further specific allegations asserted against Fannie Mae or the Individual Defendants. Assuming all inferences in Plaintiff's favor, she has not articulated a claim against The Fannie Mae Defendants.

ERISA governs certain employee benefits plans, such as health insurance plans, pension plans, and disability benefits plans, and it provides a right of action for covered employees to recover said benefits when such have been wrongfully denied. Bledsoe v. Emery Worldwide Airlines, 258 F.Supp.2d 780, 797 (S.D. Ohio 2003) (citing 29 U.S.C. § 1132(a)(1)(B)). ERISA section 1132(d) provides:

> Any money judgment under this subchapter against and employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

See 29 U.S.C. §1132(d)(2). A claim for ERISA benefits under §1132 can only be maintained against the Plan itself or designated fiduciaries of the plan. 29 U.S.C. §1132. See also, Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988) (employer is not a proper defendant in an ERISA 1132 case alleging wrongful denial of benefits unless the employer is the plan administrator); Randles v. The Galichia Medical Group, P.A., et al., No. 05-1374-WEB, 2006 U.S. Dist. LEXIS 92428, at *47-48 (D. Kan. Dec. 18, 2006) (dismissing ERISA claim for denial of benefits brought by *pro se* plaintiff against his former employer and other individual defendants). A fiduciary is one who has the "authority to control and manage the operation and administration

11

of the plan." 29 U.S.C. §1102(a)(1). Fannie Mae was not the administrator of the long-term disability benefit plan at issue in this case, nor are there any allegations that the Company or any of the Individual Defendants served in such capacity, or participated in any way into UNUM's decision to deny her benefits. Plaintiff implicitly concedes at paragraph 5 of the Complaint that Fannie Mae and the Individual Defendants did not participate in the evaluation of Plaintiff's request or decision to deny Plaintiff benefits.

      E.      <u>Plaintiff Cannot Assert A Cause Of Action Under The First Amendment</u>.

Plaintiff asserts in conclusory fashion that Fannie Mae and the Individual Defendants violated her "constitutionally-guaranteed first amendment right to freedom of speech." <u>See</u> Complaint at ¶26. Her claim is not actionable because the First Amendment generally binds only the action of Congress or agencies of the federal government, not the actions of private corporations. <u>See</u> <u>Jackson v. Strayer College</u>, 941 F. Supp. 192 (D.D.C. 1996) (<u>citing</u>, <u>Granfield v. Catholic University of Am.</u>, 530 F.2d 1035 (D.C. Cir.) <i>cert. denied</i>, 429 U.S. 821 (1976). Plaintiff has made no allegations of state action. Accordingly her claim should be dismissed.

      F.      <u>To The Extent Any Of Plaintiff's Claims Against Fannie Mae Or The Individual Defendants Survive This Motion, Such Claims Should Be Compelled To Arbitration</u>.

As set forth above, Fannie Mae and the Individual Defendants respectfully submit that the various claims asserted by Plaintiff in this case are either time-barred or should be dismissed on the merits. To the extent that this Court determines Plaintiff has articulated any legally cognizable claim(s) for relief, the Fannie Mae Defendants request that the Court refer such

claim(s), if any, (with the exception of the claim for benefits under ERISA) to arbitration under Fannie Mae's Dispute Resolution Policy, which provides, in pertinent part:

> The Policy applies to all claims that an employee might make against Fannie Mae (and its directors, officers, agents, or employees, in their representative capacities) involving a ***legally-protected right***, that directly or indirectly relate to his or her employment or the termination of that employment, even if the claim is based on facts or circumstances that occurred before the effective date of the Policy. These include claims involving rights protected by any federal, state, or other governmental constitution, statute, ordinance, regulation, or common law. For example, claims asserting rights protected by the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, 42 U.S.C. § 1981, or the Family and Medical Leave Act would be covered by the Policy. The Policy does not apply to any claim that is filed in court or with the EEOC or any other administrative or fair employment rights agency before the effective date of the Policy. The Policy also does not apply to any claim made in connection with workers' compensation benefits, unemployment compensation benefits, or under any of Fannie Mae's employee welfare benefit, ERISA, or pension plans, or to any claim of unfair competition, disclosure of trade secrets, or breach of trust or fiduciary duty.

In exchange for Fannie Mae employees' agreement to arbitrate their employment claims before bringing suit in court, *in addition to continued employment*, Fannie Mae provides numerous other benefits to the employees. For example, Fannie Mae pays all arbitration filing, case management, administrative fees charged by JAMS, and the fees of the Arbitrator. The Policy further specifically provides that there will be: (i) no interference with the employee's right to file a charge or complaint with any administrative body; (ii) no interference with the applicable statute of limitations of an employee's claims; (iii) a reasonable and fair amount of discovery; and (iv) a written award stating the disposition, relief (if any), and (v) a statement of reasons supporting the disposition and relief. Although Fannie Mae and the Individual Defendants firmly believe that Plaintiff's claims should be dismissed, in the event that the Court determines otherwise, the Fannie Mae Defendants request that any surviving claims (with the

exception of the denial of benefits under ERISA) be compelled to arbitration under the Company's Dispute Resolution Policy.[4]

## CONCLUSION

Based upon the arguments and authorities set forth above, the Fannie Mae Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and award Fannie Mae costs, fees and other relief the Court finds appropriate.

Dated: April 29, 2008

                                                /s/
Damien G. Stewart, D.C. Bar No. 465266
Madonna A. McGwin, D.C. Bar No. 293795
3900 Wisconsin Avenue, NW
Washington, D.C. 20016
202-752-6871 (Tel)
703-997-7405 (Fax)

*Counsel for Defendant Fannie Mae*

---

[4] If necessary, Fannie Mae will submit a copy of the Dispute Resolution Policy, including Plaintiff's agreement to abide by the Policy.

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2008, a copy of Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss, or in the Alternative Motion to Compel was served electronically, if available (otherwise by first-class mail, postage-prepaid), upon the following:

Khadija Duma
P.O. Box 1023
Washington, D.C. 20013

_____ /s/
Damien G. Stewart

UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
<u>CIVIL DIVISION</u>

| | |
|---|---|
| KHADIJA DUMA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNUM PROVIDENT, FANNIE MAE )<br>DROR OPPENHEIMER, KAREN )<br>MYCHALUS, VERNA ROBINSON )<br>)<br>Defendants. )<br>) | Civil Action No. 1:08-CV-00581<br>District Judge: John D. Bates |

**ORDER GRANTING DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

THIS CAUSE came before the Court upon Defendant Fannie Mae and Individual Defendants Oppenheimer, Mychalus, and Tidmore's Motion to Dismiss or in the Alternative Motion to Compel Arbitration, filed April 29, 2008.

THE COURT having considered the Motion, the pertinent portions of the record, and being otherwise fully advised in the premised, it is hereby,

ORDERED AND ADJUDGED that the Motion is GRANTED. Plaintiff's Complaint as to the Defendants is Dismissed with prejudice.

DONE AND ORDERED this __ day of May, 2008.


cc:     All counsel of record.