UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

Plaintiff

Civil Action No. 1:08-cv-00581 JDB

UNUM PROVIDENT, et al

Defendants

---

## PLAINTIFF'S RESPONSE TO UNUM PROVIDENT'S ANSWER AND PARTIAL MOTION TO DISMISS

Plaintiff absolutely maintains that the defendant, UNUM Provident, committed unlawful, retaliatory, hostile, bad faith, harmful and vicious actions against her. Plaintiff maintains that she has a right, pursuant to her right of due process, to a trial by jury in this matter. Plaintiff certainly maintains her complaint that UNUM Provident violated ERISA, her right to freedom of speech, the Sarbanes-Oxley Act, civil RICO, her civil rights (especially, but not only, as regards prohibitions under the Americans with Disabilities Act), and that she has been discriminated against based upon race, gender and age.

1. I am not well and cannot at this time afford to pay for the duplication of documents that might need to be attached to this response in support of my complaint. I believe that the defendant's answer might be a fishing expedition to find out what decisive evidence I have, but from what I've researched I am not obligated at this point to produce documents and/or information I have to support my complaint. However, having said that, I will say that my UNUM Provident representative, Brendan O'Donnell was the person who warned me not to file suit against UNUM Provident. I did not want to name him because I thought that he was trying to keep me from getting hurt more than I had already been.

   2. I did not receive a full and complete copy of my UNUM Provident file, as I had discussed and requested, with several people both management and non-management.

   3. UNUM Provident stated in print that they were relying on the job description of Senior Business Manager, as provided to them by the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) in deciding

RECEIVED
MAY - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

whether or not I was still disabled. Since I was not performing the functions of a Senior Business Manager their decision was flawed, as I indicated to them many times including in my appeal. Furthermore, from the time that Dror Oppenheimer, without formal notice to me of any kind, decided I was a tester, the Fannie Mae Defendants referred to my job responsibilities as those synonymous with and descriptive of a tester. It, therefore, logically follows that for all intents and purposes that at the time of UNUM Provident's denial of my disability benefits I was in fact a tester with the duties and responsibilities, which I was unable to perform, as I described in my appeal to UNUM Provident and in my complaint to this court.

4. I am, in fact, entitled to an immediate restoration of my denied benefits and an immediate payout of those monies.
5. The same definition UNUM Provident used to approve my long-term disability benefits is the same definition they used to deny my benefits, without a change in my disability that would have allowed me to return to work as a tester. There is more than an abuse of discretion at work here.
6. I adhered to the administrative review process, as provided by ERISA, based upon the instructions to me from UNUM Provident when they denied my appeal.
7. UNUM Provident's claim that my claims are barred by applicable limitations periods within which to file a claim, statutory, contractual and otherwise is too vague an assertion for me to address.
8. Plaintiff reserves any and all rights related to this complaint against UNUM Provident.

My house is scheduled to be sold at foreclosure in a few weeks; but for the actions of UNUM Provident and the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) my son and I would not now be faced with living on the streets of the nation's capital. Corporate greed for profits and bad faith behavior continue to destroy families and lives.

Plaintiff, Khadija Duma, opposes UNUM Provident's motion for Partial Motion to Dismiss, an award of any and all expenses incurred in defending this action to counsel for UNUM Provident, and requests that this court DENY both UNUM Provident's Partial Motion to Dismiss and any and all requests for expenses incurred in defending this action on behalf of UNUM Provident.

*Khadija Duma*
PO Box 1823
1840 Massachusetts Ave, SE
Wash, DC 20013

## CERTIFICATE OF SERVICE

I, Khadija Duma, hereby certify that I mailed a copy of the foregoing via first-class mail (certified mail/return receipt requested) to the following on this 7th day of May, 2008:

Attn: Mary C. Zinsner
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102

Counsel for the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson):

Attn: Damien G. Stewart
Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, Dc 20016

Khadija Duma
PO Box 1023
Washington, Dc 20013
(202) 546-6281

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

Plaintiff

Civil Action No. 1:08-cv-00581 JDB

UNUM PROVIDENT, et al

Defendants

## ORDER TO DENY DEFENDANT UNUM PROVIDENT'S PARTIAL MOTION TO DISMISS AND REQUEST FOR FEES AND EXPENSES

**ORDERED** this _____ day of May, 2008 that UNUM Provident's Partial Motion to Dismiss and request for fees and expenses incurred with the defense of this civil action are denied with prejudice.

_____
District Judge John D. Bates

Cc:  All counsel of record