IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

    Plaintiff,

v.                               Civil Action No. 1:08-cv-00581

UNUM PROVIDENT, *et al.*,

    Defendants.

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT UNUM PROVIDENT'S PARTIAL MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S "RESPONSE TO UNUM PROVIDENT'S ANSWER AND PARTIAL MOTION TO DISMISS"

Defendant "Unum Provident" ("Unum Provident" or "Defendant"),[1] by counsel, hereby files the following reply memorandum in support of its Partial Motion to Dismiss and in opposition to Plaintiff's "Response to Unum Provident's Answer and Partial Motion to Dismiss" ("Plaintiff's Response").

### INTRODUCTION

Plaintiff asserts without authority that she "certainly maintains her complaint that Unum Provident violated ERISA, her right to freedom of speech, the Sarbanes-Oxley Act, civil RICO, her civil rights . . . , and that she has been discriminated against based upon race, gender and age." (Plaintiff's Response, 1).[2] In her Response, however, Plaintiff (1) improperly replies to Unum Provident's Answer (Plaintiff's Response, ¶¶ 1, 7, 8); and (2) re-asserts the same allegations in her Complaint against Unum Provident arising out of Plaintiff's long-term

---

[1] In her Complaint, Plaintiff erroneously named "Unum Provident" as a party defendant. Unum Life Insurance Company of America ("Unum") is the claims fiduciary for the employee welfare benefit plan at issue in this lawsuit, and therefore is the proper party defendant regarding Plaintiff's claim for long-term disability benefits. Each of the arguments set forth herein is equally pertinent to Unum Provident and Unum.

[2] Plaintiff's Response to Unum Provident's Answer and Partial Motion to Dismiss will be cited as "Plaintiff's Response, ___."

disability ("LTD") benefit claim (Plaintiff's Response, ¶¶ 2-6). Thus, Plaintiff's Response merely confirms that she is asserting her employment law discrimination and other employment claims against Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson (the "Fannie Mae Defendants"), and not against Unum Provident.[3] The single claim asserted by Plaintiff against Unum Provident arises out of the denial of her claim for LTD benefits; it is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*; and it is completely unrelated to Plaintiff's employment law claims. Therefore, none of the employment law claims may be properly asserted against Unum Provident and they should be dismissed.

## ARGUMENT

**A.     Plaintiff's Response is an improper reply to Defendant's Answer that should be stricken by the Court.**

Plaintiff's "Response to Unum Provident's Answer and Partial Motion to Dismiss" is an improper reply to Defendant's Answer. Fed. R. Civ. P. 7 limits the types of pleadings that parties may file in an action. Absent a counterclaim, a plaintiff may file a reply to an answer only after obtaining leave of court. Fed. R. Civ. P. 7(a)(7) (allowing a reply to an answer "if the court orders one"); *Traylor v. Black, Sivalls & Bryson, Inc.*, 189 F.2d 213, 216 (8th Cir. 1951) (reply not permissible except to counterclaim or by order or leave of court granted in its sound discretion).

---

[3] Plaintiff has attempted to allege in her Complaint claims against the Fannie Mae Defendants based on 1) the First Amendment to the United States Constitution; 2) the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 15 U.S.C. §§ 7201, *et seq.*; 3) the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*; 4) the alleged violations of Plaintiff's civil rights; and 5) alleged employment discrimination against Plaintiff based on her race, gender, and age. (Compl., ¶¶ 13-26) (Def's Memo., 4-6).

2

Defendant's Answer contains no counterclaim. Nonetheless, Plaintiff's Response addresses Unum Provident's Answer. (Plaintiff's Response, ¶¶ 1 ("I believe that the defendant's answer might be a fishing expedition . . . ."); 7 (asserting that Defendant's affirmative defenses are "too vague"); 8 (reserving "any and all rights related to this *complaint* against Unum Provident") (emphasis added)). Plaintiff has not requested leave of this Court to file a reply to the Answer. Indeed, there is nothing in Unum Provident's Answer necessitating a reply from Plaintiff. *See generally Unum Provident's Answer*. Therefore, the Court should strike Plaintiff's Response to the extent that it is an impermissible reply.

Furthermore, Plaintiff's assertion that she is "not obligated at this point to produce documents and/or information . . . to support [her] complaint" (Plaintiff's Response, ¶ 1) betrays a fundamental misunderstanding of the proper standard of review. This is understandable, given Plaintiff's *pro se* status, but a motion to dismiss tests the legal sufficiency of the plaintiff's claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court's review is limited to the "four corners" of the Complaint. *See id*. Any reference to or reliance on documents or information tending to support Plaintiff's substantive claims is unnecessary and improper. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) ("[T]he Fourth Circuit [has] consistently held that the district court could not act upon facts alleged or proven beyond what was stated in a complaint or amended complaint."); *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984) (reversing district court's decision because it "should have limited [itself] to a consideration of whether plaintiff's allegations, standing alone and taken as true, pleaded jurisdiction and a meritorious cause of action"). The Court should grant Unum Provident's Partial Motion to Dismiss not because Plaintiff has failed to provide substantive proof of her claims, but because Plaintiff does not and cannot, with respect to the

claims at issue, allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).

     **B.    Plaintiff has not and cannot allege any facts sufficient to support any employment law claims against Unum Provident.**

Defendant has moved the Court to dismiss Plaintiff's employment law claims because, even under the most liberal interpretation of the Complaint, Plaintiff has alleged against Unum Provident only a single claim for ERISA benefits. *See generally Def's Memo*. Plaintiff did not and cannot assert properly any employment law claims against Unum Provident. Plaintiff does not dispute any of the arguments set forth in Defendant's memorandum in support of its partial motion to dismiss. Instead, Plaintiff merely re-asserts the same claims in her Complaint against Unum Provident that clearly arise only out of Defendant's termination of LTD benefits.

Plaintiff's Response reiterates the merits of Unum Provident's position. Paragraph 2 of the Plaintiff's Response states that Unum Provident did not provide Plaintiff with a copy of her LTD benefits file. (Plaintiff's Response, ¶ 2) ("I did not receive a full and complete copy of my Unum Provident file . . . ."). Paragraph 3 asserts that Defendant improperly based its termination of the LTD benefits on an incorrect job description. (Plaintiff's Response, ¶ 3). Paragraph 4 demands immediate restoration of Plaintiff's LTD benefits. (Plaintiff's Response ¶ 4). Paragraph 5 alleges that Unum Provident abused its discretion during the administrative appeal process. (Plaintiff's Response, ¶ 5). Paragraph 6 asserts essentially that Plaintiff has exhausted her administrative remedies. (Plaintiff's Response, ¶ 6) ("I adhered to the administrative review process . . . ."). None of these allegations contain any information supporting an employment law claim against Unum Provident. Instead, all of the claims relate directly to and arise out of Plaintiff's ERISA claim against Unum Provident.

Plaintiff has failed to respond to any of the arguments in Unum Provident's memorandum. Instead, Plaintiff simply continues to assert her employment law claims against Unum Provident without any legal or factual support. Accordingly, the Court should grant Defendant's Partial Motion to Dismiss.

## CONCLUSION

Based on the foregoing reasons, Unum Provident requests that the Court dismiss with prejudice Plaintiff's claims against it other than the claim for long-term disability benefits governed by ERISA.

>UNUMPROVIDENT (which should properly be Unum Life Insurance Company of America)
>
>
>/s/ Mary C. Zinsner
>Mary C. Zinsner, District of Columbia Bar No. 430091
>Troutman Sanders LLP
>1660 International Drive, Suite 600
>McLean, VA 22102
>(703) 734-4334
>FAX (703) 734-4340
>mary.zinsner@troutmansanders.com
>Counsel for UnumProvident
>
>David E. Constine, III, Esquire
>Virginia State Bar No. 23223
>Troutman Sanders LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>(804) 697-1200
>FAX (804) 697-1339
>david.constine@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record and mailed copies of the foregoing via first-class U.S. mail to the following:

>Ms. Khadija Duma
>1840 Massachusetts Avenue, S.E.
>Washington, D.C. 20003
>*Pro se* Plaintiff
>
>Ms. Khadija Duma
>PO Box 1023
>Washington, D.C. 20013
>*Pro se* Plaintiff

>/s/ Mary C. Zinsner
>Mary C. Zinsner, District of Columbia Bar No. 430091
>Troutman Sanders LLP
>1660 International Drive, Suite 600
>McLean, VA 22102
>(703) 734-4334
>FAX (703) 734-4340
>mary.zinsner@troutmansanders.com
>Counsel for UnumProvident

1729914_1.DOC