UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| KHADIJA DUMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-CV-00581 |
| | ) | District Judge: John D. Bates |
| UNUM PROVIDENT, FANNIE MAE, | ) | |
| DROR OPPENHEIMER, KAREN | ) | |
| MYCHALUS, VERNA ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## THE FANNIE MAE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO TO VACATE DEFAULT

Pursuant to LCvR 7 and Fed.R.Civ.P. 55(c), Defendant Fannie Mae and Individual Defendants Dror Oppenheimer, Karen Mychalus, Verna Tidmore[1] (hereinafter together referred to as the "Fannie Mae Defendants"), by and through undersigned counsel, submit this Opposition to Plaintiff's Motion for Entry of Default Judgment and Motion to Vacate Default. For the reasons discussed below, good cause exists to vacate the default entered by the Clerk against the Fannie Mae Defendants on April 29, 2008, and to allow this dispute to proceed to a resolution on the merits.

---

[1]    Individual Defendants Dror Oppenheimer and Verna Robinson have not been formally served with Plaintiff's Complaint as of the time of this writing however, without waiving the requirements of individual service they joined with Fannie Mae and Individual Defendant Mychalus in their Motion to Dismiss. The Fannie Mae Defendants further note that Defendant Robinson legally changed her name to Verna Tidmore subsequent to Plaintiff's termination from the Company. Accordingly, for the remainder of this Motion, she will be referred to under her legal name and Defendant request that the docket and case style reflect the name change.

## PRELIMINARY STATEMENT

Fannie Mae is a private, federally-chartered, shareholder-owned corporation, with its principal place of business in the District of Columbia. Fannie Mae employed Plaintiff – on an at-will basis – to work as a full-time regular employee from June 2000 through April 2005. At all times relevant hereto, Plaintiff was employed as a Senior Business Analyst in Fannie Mae's Asset Development and Management Department where she reported to Individual Defendants Karen Mychalus and Verna Tidmore. Plaintiff's employment with the Company was marked by severe interpersonal conflicts with peers and her management team, as well as several performance deficiencies. Due to these personnel/performance problems, on May 21, 2003, Plaintiff was offered the opportunity to resign from the company voluntarily (in the form of a Voluntary Separation Option, or "VSO"), which would have permitted her to resign from the Company (in lieu of a performance-based termination) in exchange for monetary consideration and her release of the Company from all claims she may have had at that time.

On the same date that the VSO was offered to her, Plaintiff went out on sick leave which eventually became short-term disability with job-protected leave under Fannie Mae's Family and Medical Leave benefit. Following the exhaustion of her Family and Medical Leave benefit in August 2003, Plaintiff remained on Fannie Mae's short-term disability until it exhausted, at which point she applied for Fannie Mae's long-term disability benefit. Plaintiff was accepted for benefits on November 25, 2003, by Fannie Mae's long-term disability carrier, Defendant Unum Life Insurance Company of America ("UNUM").

On or about April 27, 2004, UNUM informed Fannie Mae that Plaintiff was no longer covered by the long-term disability benefit and was authorized to return to work. Upon information and belief, Plaintiff appealed the cancellation of Plaintiff's long-term disability

coverage with UNUM, which company had complete discretion to determine Plaintiff's case. During the pendency of her appeal, Plaintiff remained as an inactive, unpaid employee of Fannie Mae (with no specific job and no job protection) beginning on April 27, 2004. Her employment with Fannie Mae ended on April 4, 2005, when she refused to return to work.

In this case, Plaintiff alleges that she was wrongfully denied benefits in violation of the Employee Retirement Income Security Act ("ERISA"), under Fannie Mae's long-term disability benefit coverage through UNUM. Notwithstanding the fact that Fannie Mae is not the carrier, does not administer the plan, and had absolutely no role in the eligibility determination, Plaintiff alleges (based upon pure speculation), that Fannie Mae bears some responsibility for that decision. In addition to the ERISA claims, Plaintiff alleges that Fannie Mae and the Individual Defendants violated her rights under the First Amendment (freedom of speech), Title VII of the Civil Rights Act of 1964, the Sarbanes-Oxley Act of 2002 ("SOX"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 ("RICO").[2]

Plaintiff filed her Complaint on April 4, 2008. Defendant Karen Mychalus was served on April 8, 2008 via mail. See Mychalus Aff. ¶2, attached hereto at Exhibit 1. A copy of Plaintiff's Complaint was picked up by and signed for by individuals who work for a contractor (not Fannie Mae) that operates Fannie Mae's mail distribution center late in the afternoon on April 7, 2008 -- too late for inclusion in the evening mail-run delivery. As such, the Contractor's employees (Vistronix Inc.) did not deliver the Complaints to Fannie Mae's legal department and to Defendant Mychalus until the next business day (as indicated by the legal department stamp April 8, 2008).[3] See Brownold Decl. at ¶¶3-4, attached hereto at Exhibit 2. Based upon a receipt date of April 8, 2008, the Fannie Mae defendants filed their Motion to Dismiss or in the

---

[2] On April 29, 2008, the Fannie Mae Defendants filed their Motion to Dismiss all of Plaintiff's claims.
[3] The Fannie Mae Defendants note that the packages appeared to be regular certified mail and did not indicate that they were time-sensitive or otherwise indicate that they contained service of process materials.

Alternative to Compel on April 29, 2008 (20 days after receipt by Fannie Mae). On that same date, Plaintiff moved for entry of default with the Clerk and a default was entered against all Fannie Mae defendants, notwithstanding the fact that Defendants Oppenheimer and Tidmore were not personally served with the Complaint.[4] Based upon the arguments and authorities set forth below, this Court should deny Plaintiff's Motion for Entry of Default Judgment and review this case on the merits.

## ARGUMENT AND CITATION OF AUTHORITIES

Federal courts in this District follow the long standing policy that disputes are to be resolved on the merits, and not by the disfavored remedy of default. Kliegel v. Key West & Caribbean Trading Company; 627 F.2d. 372, 373-4 (D.C. Cir. 1980); Jackson v. Beech, 636 F.2d. 831, 836 (D.C. Cir. 1980); Baade v. Price, 175 F.R.D. 403, 405-6 (D.D.C. 1997); Biton v. Palestine Interim Self Government Authority, 233 F.Supp. 2d. 31, 33-4 (D.D.C. 2002); Capital Yacht Club v. Vessel Aviva, 228 F.R.D. 389, 393-4 (D.D.C. 2005); Flynn v. Pulaski Construction Co., Inc., 2006 WL 47304 (D.D.C. 2006) (cases all endorsing policy of resolving disputes on merits in lieu of defaults).

Under Fed.R.Civ.P. 55(c), "[f]or good cause shown the Court may set aside an entry of default." Good cause clearly exists in this situation, as to the extent service is deemed to have occurred on April 7, 2008, the Fannie Mae Defendants delay in responding to the Complaint was inadvertent, Plaintiff will not be prejudiced by the delay, and the Fannie Mae Defendants have

---

[4] Plaintiff did not address copies of her summons and complaint to Defendants Oppenheimer and Robinson. Rather, the mailings were addressed to these Defendants in care of the Fannie Mae legal department. The legal department received the documents on April 8. See Spruill Declaration attached hereto at Exhibit 3. Copies of the envelopes are attached hereto at Exhibit 4.

meritorious defenses to each and every claim asserted by Plaintiff. Thus, the default entered by the Clerk should be vacated.

A.    The Court Should Vacate The Default Entered By The Clerk On April 29, 2008.

Courts apply a three part test in deciding whether a default should be vacated: (i) was the default willful; (ii) would the plaintiff be prejudiced if the default was set aside; and, (iii) does the defendant have a meritorious defense to plaintiff's claims. Kliegel v. Key West & Carribean Trading Company; 627 F.2d. at 373-4; Jackson v. Beech, 636 F.2d. at 836; Baade v. Price, 175 F.R.D. at 405-6 (D.D.C. 1997). While discretion lies with the trial court in deciding whether or not to vacate a default, all doubts are to be resolved in favor of the moving party, in furtherance of the strong federal policy which favors resolving disputes on the merits. Biton v. Palestine Interim Self Government Authority, 233 F.Supp. 2d. 31, 33-4 (D.D.C. 2002), citing Jackson v. Beech, 636 at (D.C. Cir. 1980).

Applying this three part test, it is clear that the default should be vacated. Fannie Mae's inadvertent failure to respond to the Summons and Complaint within 20 days of April 7, 2008, was simply the result of the timing of the delivery, combined with the manner in which Fannie Mae processes its mail. While the Summons and Complaints for each of the Fannie Mae Defendants were apparently picked-up by contractors on April 7, 2008, the documents were not delivered to the administrative personnel in the Fannie Mae law department who are responsible for logging in and tracking responses to summons and other forms of legal process, nor to the in-house counsel responsible for this matter until the next business day.[5] Based upon the undersigned's sincere belief that the Plaintiff's Complaint was delivered to Fannie Mae on April

---

[5] Defendant Mychalus received and signed for her package on April 8, 2008. See Brownold Decl. at ¶4 (incl. attch.); Mychalus Aff. ¶2.

8, the Fannie Mae defendants filed their Motion to Dismiss Plaintiff's Complaint twenty days later on April 29, 2008.

Fannie Mae's conduct in this case does not rise to the level of willfulness necessary to sustain a default under Fed.R.Civ.P. 55(c).  See International Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis, 288 F.2d 22, 26 (D.D.C. 2003)("boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable"). Here, while the record suggests that a copy of the Summons and Complaint may have been received and signed for by a personnel employed by the contracting company which processes Fannie Mae's mail on April 7, those documents did not get to the appropriate individuals within the Fannie Mae legal department and time-stamped as received until the next business day.  Fannie Mae's filing of a responsive pleading within 20 days of the presumed delivery date (and arguably only one day out of time), whether described as accident or administrative oversight, cannot be described as willful.  See, e.g., Wendt v. Pratt, 154 F.R.D. 229, 230 (D.Minn. 1994)(14 day delay in filing Answer due to administrative problems within insurance company does not justify entry of default); see also Schoenlein v. Option One Mortgage, 312 B.R.600, 604 (B.A.P. 6th Cir. 2002)(mere negligence insufficient to sustain default in face of request to vacate under Fed.R.Civ.P. 55(c)); Momah v. Albert Einstein Medical Center, 161 F.R.D. 304, 308 (E.D.Pa. 1995)(while attorney's failure to file timely response to amended complaint may have been neglectful it did not rise to level of willfulness necessary to sustain default); Accu-weather, Inc. v. Reuters Ltd., 779 F.Supp. 801, 804 (M.D.Pa. 1991)(oversight by counsel in failing to file answer does not constitute culpable or willful conduct).

In contrast, the decision in <u>Flynn v. Pulaski, supra,</u> is instructive. In <u>Flynn</u>, the Court noted that willfulness can be established when a defendant fails to respond in light of a demand or warning by Plaintiff's counsel as to the entry of default. 2006 WL 47304 at *8. In that dispute, after the Defendant had been served, there were discussions between Plaintiff and Defendant in which Plaintiff clearly indicated it would move for an entry of default if no answer or responsive pleading was filed by a specific case. The court found that the defendant's failure to comply with this deadline (or to respond to the complaint within 6 months of filing) constituted willful behavior. In this proceeding, however, no such demand from Plaintiff was ever made. As noted above, the Fannie Mae Defendants filed their Motion to Dismiss on April 29, 2008 – the very same day that Plaintiff filed her default petition with the Clerk.

Applying the second prong of the test, Plaintiff cannot point to any prejudice by the relief sought by this motion. The slight delay created by Fannie Mae's failure to answer or otherwise respond by a single day will not adversely affect Plaintiff's ability to fairly prosecute her claims (should any of them be determined viable). No discovery has occurred, nor has a scheduling order been entered. A slight delay, by itself, does not establish prejudice. <u>Capital Yacht Club v. Vessel Aviva</u>, 228 F.R.D. 389, 393-4 (D.D.C. 2005); <u>Corso v. First Frontier Holdings, Inc.</u>, 205 F.R.D. 420, 421 (S.D.N.Y. 2001), <u>citing</u> <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3rd 90, 95-56 (2nd Cir. 1993)(also noting the Second Circuit's preference for resolution of disputes on the merits). This matter is ready to proceed to a resolution on the merits, and a brief delay will not adversely impact Plaintiff or her ability to prosecute her claims.

Finally, the Fannie Mae Defendants have a *bona fide* defense to the claims asserted by Plaintiff. As reflected in the Motion to Dismiss, the Fannie Mae Defendants have asserted various grounds upon which Plaintiff's Complaint should be dismissed, including: (i) failure to

exhaust administrative remedies; (ii) failure to plead her RICO counts with sufficient particularity; (iii) expiration of the statute of limitations for the alleged SOX claims; (iv) no governmental action sufficient to support a constitutional violation of the First Amendment; and (v) failure to state a claim against the Fannie Mae Defendants under ERISA.

Given the existence of *bona fide* legal and factual defenses to Plaintiff's Complaint, the default should be vacated. Under Fed.R.Civ.P. 55(c) the Court is not to evaluate the overall strength or validity of these defenses, but simply to determine whether a colorable claim can be made that such defenses will defeat Plaintiff's claims at trial. Keegel, 627 F.2d at 374; Biton, 233 F. Supp. at 33. The defenses asserted by Fannie Mae clearly satisfy the low threshold required by this element of the analysis.

      B.    The Court Should Deny Plaintiff's Motion For Default Judgment.

Even if this Court were to grant the Motion for Entry of Default Judgment, it would be wholly inappropriate to simply enter judgment against Fannie Mae and the Individual Defendants in an amount, as calculated by Plaintiff, in excess of $30,000,000.00. The majority of this claimed amount is for compensation for pain, suffering and embarrassment allegedly suffered by Plaintiff. While a court can enter judgment on a fixed sum solely based upon documents or affidavits, such an award is inappropriate for a claim of pain and suffering. Hutton v. Fisher, 359 F.2d 913, 916 (3rd. Cir. 1965 (default should not be entered absent hearing on damage claims); Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105 (2nd Cir. 1997)(court still obligated to hold a hearing to ensure that damages granted on default judgment are appropriate, and could not simply rely upon statement by Plaintiff); Wing v. East River Chinese Restaurant, 884 F.Supp. 662 (E.D.N.Y. 1995). Thus, even if the Court upholds the

default entered by the Clerk, a hearing should be set to determine the scope of any damages claimed by Plaintiff.

CONCLUSION

For the reasons discussed above, the Fannie Mae Defendants respectfully requests that this Court deny Plaintiff's Motion for Entry of Default and enter the attached Order vacating the default entered by the Clerk.

Dated: May 20, 2008

Damien G. Stewart, D.C. Bar No. 465266
Madonna A. McGwin, D.C. Bar No. 293795
3900 Wisconsin Avenue, NW
Washington, D.C. 20016
202-752-6871 (Tel)
703-997-7405 (Fax)

*Counsel for the Fannie Mae Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2008, a copy of Defendants' Opposition to Plaintiff's Motion for Entry of Default Judgment and Motion To Vacate Default was served electronically, if available (otherwise by first-class mail, postage-prepaid), upon the following:

Khadija Duma
P.O. Box 1023
Washington, D.C. 20013

Mary C. Zinser, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334  (Tel)
(703) 734-4340 (Fax)

_____
Damien G. Stewart

UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KHADIJA DUMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-00581 |
| ) | District Judge: John D. Bates |
| UNUM PROVIDENT, FANNIE MAE ) | |
| DROR OPPENHEIMER, KAREN ) | |
| MYCHALUS, VERNA ROBINSON ) | |
| ) | |
| Defendants. ) | |

### **AFFIDAVIT OF KAREN F. MYCHALUS**

1.    I, Karen Mychalus, am over eighteen years of age and have personal knowledge

of the facts and circumstances set forth below.

2.    I am familiar with the Plaintiff in this action, Khadija Duma.  On April 8, 2008, I

was served, by mail, with a copy of the Complaint in this action.

3.    I swear under penalty of perjury that the foregoing two (2) paragraphs are true and

correct to the best of my knowledge.

Dated: May 19, 2008                              _Karen F Mychalus_
                                                              Karen F. Mychalus

Signed and Sworn to before me this 19th day of May 2008, in the Commonwealth of Virginia.

_Licena R Gonzalez_
Notary Public

Licema R. González
NOTARY PUBLIC
Commonwealth of Virginia
My Commission Expires
August 31, 2010

My commission expires 8/31/2010

Seal



EXHIBIT

1

UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| KHADIJA DUMA,      )<br>     )<br>   Plaintiff,     )<br>     )<br>   v.      )<br>     )<br>UNUM PROVIDENT, FANNIE MAE  )<br>DROR OPPENHEIMER, KAREN   )<br>MYCHALUS, VERNA ROBINSON   )<br>     )<br>   Defendants.    )<br>     ) | Civil Action No. 1:08-CV-00581<br>District Judge: John D. Bates |

## DECLARATION OF EMILY R. BROWNOLD

1. I, Emily R. Brownold, am over eighteen years of age and have personal knowledge of the facts and circumstances set forth below.

2. I am employed as the Senior Manager of Facilities Services at Fannie Mae. In this capacity, one of my roles is to oversee the retrieval and delivery of all mail and other correspondence to the Company.

3. Fannie Mae contracts with Vistronix Inc., to provide personnel to assist in the collection and distribution of mail. Contractors retrieve mail from the U.S. Post office and bring it to the distribution center where it is stamped and prepared for delivery to the various Fannie Mae offices. Mail is delivered to Fannie Mae's legal department twice per day, once in the morning and once in the afternoon. DC internal deliveries: 10:30 a.m., 11:30a.m., 2:30 p.m., and 3:30 p.m. Herndon OB 1 and OB 2, internal deliveries: 10:30 a.m., 11:30 a.m., 2:30 p.m., and 3:30 p.m.



4.     In this case, the plaintiff addressed three packages to the Individual Defendants in care of Fannie Mae via certified mail nos: 7005 3110 0004 0072 0530 (Mychalus), 7005 3110 0004 0072 0547 (Robinson), and 7005 3110 0004 0072 0523 (Oppenheimer).  Those packages including the package addressed to Fannie Mae were retrieved by personnel employed by Vistronix in the afternoon on April 7, 2008.  All of the packages were delivered to the legal department at the first scheduled mail-run on April 8, 2008.

5.     I swear under penalty of perjury that the foregoing three numbered (3) paragraphs are true and correct to the best of my knowledge.

Dated: May 20, 2008                                    Emily R. Brownold

2

Delivered To
Herndon, VA

CERTIFIED MAIL

.1023
DC
20013

7005 3110 0004 0072 0530

KAREN MYCH
Route:            Office/(
NO ROUTE          5292>5
Sender:           PO#:
UNK'

4/7/2008 3:15:28 PM

040708151528

Karen Mychalus
c/o Fannie Mae Legal
3900 Wisconsin Ave.
Washington, DC
20



3

bΦ13

7005 3110 0004 0072 0547

VERNA ROBINSON

Route:
NO ROUTE

Office/Cube:
2318>1H-2S-05

Sender:
UNK'

PO#:

4/7/2008 3:17:48 PM          1 Of 1

040708151747

Verna Robinson
C/o Fannie Mae Legal D
39ΦΦ Wisconsin Ave., 1
Washington, DC
2ΦΦ1(





Delivered to
3900

7005 3110 0004 0072 0516



OGC

Route:
NO ROUTE

Office/Cube:
3150B>5H-3W/01

Sender
UNK*

PO#:

4/7/2008 3:16:15 PM

1 Of 1

040708151615

Fannie Mae
Legal Department
3900 Wisconsin Ave.
Washington, DC
200



**Tracking Packages**

### Track

Tracking Number: 70053110000400720516    [Search]  [Return]

| STA | TRACKING NO | EMPLOYEE | SENDER | CARRIER | DATE & TIME | STATUS |
|-----|-------------|----------|--------|---------|-------------|--------|
| 8 | 70053110000400720516 | OGC | UNK' | USPS | 4/7/2008 3:16:15 pm | Received |
| 8 | 70053110000400720516 | OGC | UNK' | USPS | 4/8/2008 11:03:39 am | Delivered |

**Delivery Details**

Date and Time: Tuesday, Apr 8 2008 At: 11:03:39 ,

Delivered By: RAYMOND CREDLE

Delivered To: g,jackson

Notes

[Print Screen]

[Print Label]

Signature



**CERTIFIED MAIL.**

1023
DC
20013

Delivered to
3900

7005 3110 0004 0072 0523

DROR OPPENHEIMER

Route:          Office/Cube:
NO ROUTE       6118>8H-606

Sender:        PO#:
UNK'

4/7/2008 3:15:46 PM          1 Of 1

040708151546

DROR Oppenheimer
c/o Fannie Mae Legal D
3900 Wisconsin Ave., N
Washington, DC
20016



**Tracking Packages**

Track                    Tracking Number: 70053110000400720523                    Search    Return

| STA | TRACKING NO | EMPLOYEE | SENDER | CARRIER | DATE & TIME | STATUS |
|-----|-------------|----------|--------|---------|-------------|--------|
| 8 | 70053110000400720523 | OPPENHEIMER DROR | UNK' | USPS | 4/7/2008 3:15:46 pm | Received |
| 8 | 70053110000400720523 | OPPENHEIMER DROR | UNK' | USPS | 4/8/2008 11:03:38 am | Delivered |

**Delivery Details**

Date and Time: Tuesday, Apr 8 2008 At: 11:03:38

Delivered By:    RAYMOND CREDLE

Delivered To:    g,jackson

Notes

[Print Screen]

[Print Label]

Signature