UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

    Plaintiff,

    v.

UNUM PROVIDENT, et al.,

    Defendants.

Civil Action No. 08-0581 (JDB)

FILED
MAY 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

On April 29, 2008, the Clerk of the Court made an entry of default as to defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson. On that same day, however, those defendants (hereinafter the "Fannie Mae defendants") had filed a motion to dismiss in response to the complaint. Currently before the Court are plaintiff Khadija Duma's [15] motion for default judgment and the Fannie Mae defendants' [18] motion to vacate default. As explained below, the Court will deny Duma's motion and grant the Fannie Mae defendants' motion.

Fed. R. Civ. P. 55(c) provides that "the court may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). The decision to set aside an entry of default lies within the discretion of the trial court and the exercise of that discretion is guided by a three-part inquiry: (1) whether the default was willful; (2) whether a set-aside would prejudice the plaintiff; and (3) whether any alleged defenses are meritorious. See Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980). "[M]odern federal procedure favor[s] trials on the merits." Id. at 374.

Upon review of the considerations listed above, it is apparent that the entry of default must be set aside in this case. The Fannie Mae defendants have demonstrated that their default was inadvertent rather than willful. Indeed, the default was a result of tardy mail delivery that led the Fannie Mae defendants to believe that they had until April 29, 2008 to answer the complaint whereas the true date was April 28, 2008. See Defs.' Mot. at 5-6. Moreover, Duma cannot identify any prejudice that would result from setting aside the entry of default. The Fannie Mae defendants' filed their motion to dismiss merely one day after the deadline; in fact, the motion was docketed before both the affidavit for default and the Clerk's entry of default. Finally, it appears that the Fannie Mae defendants have raised potentially meritorious defenses in their motion to dismiss. In light of the strong judicial policy favoring adjudication on the merits, the Court concludes that it is appropriate to vacate the entry of default in this case.

Accordingly, upon review of Duma's [15] motion for default judgment and the Fannie Mae defendants' [18] motion to vacate default, and the entire record herein, it is hereby **ORDERED** that:

1. Duma's [15] motion is **DENIED**; it is further

2. **ORDERED** that the Fannie Mae defendants' [18] motion is **GRANTED**; and it is further

3. **ORDERED** that the entry of default against defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson is hereby **VACATED**.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date: May 27, 2008

Copies to:

Khadija Duma
1840 Massachusetts Avenue, S.E.
Washington, DC 20003
(202) 546-6281

Khadija Duma
P.O. Box 1023
Washington, D.C. 20013