UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

    Plaintiff

VS.                     CIVIL ACTION NO <u>1:08-cv-00581 JDB</u>

UNUM Provident,
Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson,

    Defendants

<u>Plaintiff's motion for reconsideration and</u>
<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE
DEFAULT ON BEHALF OF AND IN FAVOR OF DEFENDANTS FANNIE MAE,
DROR OPPENHEIMER, KAREN MYCHALUS AND VERNA ROBINSON, AND
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DENY
DEFAULT JUDGMENT IN FAVOR OF AND ON THE BEHALF OF
DEFENDANTS FANNIE MAE, DROR OPPENHEIMER, KAREN MYCHALUS
AND VERNA ROBINSON</u> ①

Plaintiff, Khadija Duma, opposes the motion to vacate the docketed default of defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson, and the motion to vacate the docketed default for defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson should be denied. Service of process of the plaintiff's complaint and summons was effective on defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson; their failure to file a timely response to plaintiff's complaint is inexcusable. No extension of time to file their responses was requested and

RECEIVED
MAY 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

① Please see footnote on page 5 which continues on to page 6.

no extension of time was granted. I am totally disabled, financially ruined and about to become homeless in a matter of days. My home has been scheduled for a foreclosure auction. I would be egregiously harmed by a delay that resulted from granting a motion to vacate the docketed default for defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson.

Counsel for the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) relies heavily on a three-prong test as the basis for requesting that the docketed default be vacated and that the plaintiff's motion for a default judgment should be denied. Said three-prong test does not survive the second prong, if it is to be considered at all. Counsel for the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) is not in a position to decide whether a delay to benefit his clients would not harm me. Counsel for Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson seems oblivious to the catastrophic circumstances of my son and I. We have already been harmed by constructive discharge, discrimination towards me in a hostile work environment, loss of my benefits, loss of my income then and future income, and now the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) by and through their counsel want to deprive us of the one glimmer of hope that we have that we may not have to live on the streets, if my motion for a default judgment against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) is granted.

All contractors working at Fannie Mae are bound by the Fannie Mae Business Code of Conduct (just as Fannie Mae full time employees are) which is presented to them in

writing and they have to provide an original signature acknowledging receipt of a copy of the Business Code of Conduct and they must agree to abide by the Business Code of Conduct or they don't work at Fannie Mae. This is done because contractors working for Fannie Mae act as agents for Fannie Mae.

I started working in early 1998 as a Senior Project Manager, an onsite contractor for a third-party vendor to Fannie Mae. All Fannie Mae contractors whether employed through a third-party onsite to Fannie Mae or as corporation-to-corporation independent contractors to Fannie Mae act as agents for Fannie Mae. Before sending the complaint and summons for defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson to Fannie Mae c/o the Legal Department I called Fannie Mae to ask how to address the complaint and summons and whether they would accept the complaint and summons for Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson (since they were still employed by Fannie Mae) as service of process. I was told that they would accept service of process for Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson; they even made sure that I had the right zip code. Counsel for Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson refers to them as the Fannie Mae Defendants; since I don't know what the rules are regarding this type of grouping I have referred to them as the Fannie Mae Defendants while continuing to name them individually as I sued them (jointly and severally) so that any and all of my rights are preserved and my complaint should be considered in its entirety as though it is restated herein. Counsel for the defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson raise the issue of service of process dates because

counsel caused their clients to be docketed as defaulted. This Court's rules do not refer to time of day as determining when service of process is effective. This Court's rules state that the defendants have twenty days after receipt of service of process as documented by certified mail return receipt beginning one day after the date of receipt. I have not received any mailing from either counsel for UNUM Provident or the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) that outwardly let me know that there was a legal document contained inside and that is not a requirement in this Court's rules. In the normal course of doing business Fannie Mae receives legal documents all the time; and, whatever process they have in place in their mailroom to accommodate receipt of these documents is their responsibility. It used to be a common practice at Fannie Mae to blame the contractor when things didn't go right.

Karen Mychalus had such a hard time finding people to work for her when she began her position in mortgage operations that 1) some people went to other divisions rather than work for her, 2) she had open consultant positions for so long that, Kathy Mull, another director in mortgage operations at that time, told her that if she didn't start filling those positions soon it would affect her bonus and performance evaluation (Karen's first performance evaluation was not stellar --- she received a Partially Meets Expectations/PME), 3) an employee who previously worked for Karen claimed she lied a lot. None of this is hearsay. Karen told all of this to me in a conference room on the second floor in the 13150 Worldgate Drive, Herndon, VA building. Karen was worried. She hired me at the time that she was moving into her new position in mortgage operations. She told me that she wanted the other directors to know that she would

cooperate. She told me that since I was more technical than most of the mortgage operations directors, applications programmers, and business analysts that she understood that I could see that things were not being done properly; but, she needed to keep her job and so many of the changes that needed to happen were probably not going to happen because she needed mortgage operations to like her and keep her employed.

Inadvertent failure to file a timely response to my complaint does not constitute good cause. As documented in their audit of Fannie Mae the Office of Federal Housing Enterprise Oversight (OFHEO) found that Fannie Mae will go to almost any lengths to stop action against and not in favor of them. This is a case of "shoot the messenger." When I became a part of mortgage operations, as a Senior Business Manager, responsible for process in the financial systems in the testing environment I discovered a Who's Who of what not to do. There was manual manipulation of test data and test results for the Fannie Mae financial systems which resulted in flawed code modifications, lender products and lack of testing automation and data processing best practices. I advocated no flawed implementations, testing automation, best practices, detailed problem descriptions, detailed problem resolution, business and testing process that was not manually manipulated to get the desired results, cross-training to move away from single employee dependencies, published/documented audit trails for all code changes to the financial system with a copy of the proposed code changes reviewed by the team and/or me before the code changes were made. Of course, I was not popular. OFHEO sanctioned Fannie Mae for failure to have in place many of the things I advocated. OFHEO was not popular either. I did not know until I came to the court today that the docketed default was vacated in favor of Fannie Mae, DRoR Oppenheimer, Karen Mychalus, and Verna Robinson. My health prevented me from getting here sooner. Plaintiff Requests that this Court Reconsider granting her Request for a default judgment and that the Court Review the exhibits as a whole which plaintiff submitted as support of

*[handwritten insertion at top:]* her supplemental memorandum of points and authorities in support of plaintiff's motion for default judgment. I did not receive a copy of defendants' motion to vacate judgment.

The numbered exhibits I have attached to my supplemental memorandum of points and authorities for my motion for a default judgment against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should be considered as a whole by the Court as exhibits for this opposition to the Fannie Mae defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion to vacate their docketed default and as exhibits as a whole for this opposition to their motion to deny plaintiff's motion for a default judgment. Said exhibits demonstrate the culpable and willful conduct of counsel for the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson). The motion to vacate the docketed default against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should be denied, and the motion to deny plaintiff's motion for a default judgment on behalf of and in favor of the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should be denied. The plaintiff's motion for a default judgment in the amount of thirty million dollars against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should be granted as it is likely that the plaintiff would succeed in trial on the merits of her complaint against the defendants taking all into consideration including the plaintiff's exhibits as a whole.

*[signature]*
Khadija Dumha
1840 Massachusetts Avenue, SE
Washington, DC 20003

PO Box 1023
Washington, DC 20013
(202) 546-6281

6

## CERTIFICATE OF SERVICE

I hereby certified that on this 29th day of May, 2008 I mailed a copy of the following via first class mail: Plaintiff's motion for Reconsideration of **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE DEFAULT ON BEHALF OF AND IN FAVOR OF DEFENDANTS FANNIE MAE, DROR OPPENHEIMER, KAREN MYCHALUS AND VERNA ROBINSON, AND PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DENY DEFAULT JUDGMENT IN FAVOR OF AND ON THE BEHALF OF DEFENDANTS FANNIE MAE, DROR OPPENHEIMER, KAREN MYCHALUS AND VERNA ROBINSON**

to counsel for the defendants, as listed below.

(counsel for Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson)

Attn: Damien G. Stewart
Fannie Mae Legal Department
3900 Wisconsin Avenue, NW
Washington, Dc 20016

(counsel for UNUM Provident)

Attn: Mary C. Zinsner
Troutman Sanders LLP
1660 International Drive (Suite 600)
McLean, VA 22102

_/s/ Khadija Duma_
Khadija Duma
1840 Massachusetts Avenue, SE
Washington, Dc 20003

PO Box 1023
Washington, DC 20013
(202) 546-6281

7

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

   Plaintiff

VS.                                    CIVIL ACTION NO <u>1:08-cv-00581 JDB</u>

UNUM Provident,
Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson,

   **Defendants**

---

### ORDER

Upon consideration of the defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion by and through their counsel to vacate the docketed default against them the defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion is ~~**DENIED**~~ *Reentered* this _____ day of May, 2008.

Also, upon consideration of the defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion by and through their counsel to deny plaintiff's motion for a default judgment against defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson the defendants motion is **DENIED** this _____ day of May, 2008.

                                                District Judge John D. Bates

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KHADIJA DUMA,

    Plaintiff

VS.                    CIVIL ACTION NO <u>1:08-cv-00581 JDB</u>

UNUM Provident,
Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson,

    Defendants

---

### ORDER

UPON ~~CONSIDERATION~~ *Reconsideration* of the plaintiff's likely success on the merits and a docketed *Reentered* default against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson), plaintiff's motion for a default judgment against defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson in the amount of thirty million dollars, is hereby **GRANTED** and so **ORDERED** this _____ day of May, 2008.

                                                          _____
                                                          District Judge John D. Bates