UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KHADIJA DUMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-00581 |
| ) | District Judge: John D. Bates |
| UNUM PROVIDENT, FANNIE MAE, ) | |
| DROR OPPENHEIMER, KAREN ) | |
| MYCHALUS, VERNA TIDMORE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### THE FANNIE MAE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant Fannie Mae and Individual Defendants Dror Oppenheimer, Karen Mychalus, Verna Tidmore[1] (hereinafter together referred to as the "Fannie Mae Defendants"), by and through undersigned counsel, submit this Opposition to Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Default Judgment.

### PRELIMINARY STATEMENT

On April 29, 2008, the Clerk of Court entered a default as to the Fannie Mae defendants. On that same date, the Fannie Mae defendants filed a motion to dismiss in response to the Plaintiff's Complaint. The Fannie Mae defendants moved to vacate the Clerk's entry of default on May 20, 2008.

On May 28, 2008, the Court granted the Fannie Mae defendants motion finding that Defendants "demonstrated that their default was inadvertent rather than willful." In its Order the

---

[1] Individual Defendants Dror Oppenheimer and Verna Tidmore have not been formally served with Plaintiff's Complaint as of the time of this writing however, without waiving the requirements of individual service they joined with Fannie Mae and Individual Defendant Mychalus in their Motion to Dismiss.

Court noted the strong judicial policy favoring adjudicating disputes on the merits. See May 28 Order at 2. In the instant motion, without articulating any new facts or evidence to establish that the Court erred in vacating the Clerk's entry of default, Plaintiff requests that the Court reconsider its May 28 Order and enter judgment against the Fannie Mae defendants and direct them to compensate her in the full for the amount sought in the Complaint -- $30 million. Plaintiff's Motion should be denied.

## ARGUMENT AND CITATIONS OF AUTHORITY

Generally speaking, a motion for reconsideration is treated as a "[Federal Rule of Civil Procedure] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States v. Pollard, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (quoting United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993)). As Plaintiff's Motion was filed within 10 days of the Court's may 28, 2008 Order, the Court should treat it as a Rule 59(e) motion. A motion for reconsideration under Rule 59(e) "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citations omitted); see also Ramseur v. Barreto, 213 F.R.D. 79, 81 (D.D.C. 2003) (reconsideration will be granted when the moving party demonstrates that there exists a "manifest error of law or fact," or presents "newly discovered evidence") (quoting United States v. W. Elec. Co., 690 F. Supp. 22, 25 (D.D.C. 1988), *aff'd in part, rev'd on other grounds*, 283 U.S. App. D.C. 299, 900 F.2d 283 (D.C. Cir. 1990)).

Plaintiff does not offer any additional evidence suggesting that the Court made a manifest error of law or fact upon which grounds for reconsideration exist. Instead, Plaintiff offered a

series of exhibits that speak to the merits of her claims against the Fannie Mae defendants and Defendant Unum. As the Court noted in the May 28 Order, the Fannie Mae defendants have raised potentially meritorious defenses to those claims and it would be consistent with judicial policy for those claims and defenses to be heard on the merits. Accordingly, in the absence of any showing that grounds for default exist, the Fannie Mae defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration.

## CONCLUSION

For the reasons discussed above, the Fannie Mae Defendants respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Dated: June 10, 2008

Damien G. Stewart, D.C. Bar No. 465266
Madonna A. McGwin, D.C. Bar No. 293795
3900 Wisconsin Avenue, NW
Washington, D.C. 20016
202-752-6871 (Tel)
703-997-7405 (Fax)

*Counsel for the Fannie Mae Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2008, a copy of Defendants' Opposition to Plaintiff's Motion for Reconsideration was served electronically, if available (otherwise by first-class mail, postage-prepaid), upon the following:

Khadija Duma
P.O. Box 1023
Washington, D.C. 20013

Mary C. Zinser, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334 (Tel)
(703) 734-4340 (Fax)

_____
Damien G. Stewart