UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KHADIJA DUMA,**

   Plaintiff

VS.                                              CIVIL ACTION NO **1:08-cv-00581 JDB**

**UNUM Provident,**
**Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson,**

   Defendants

---

## NOTICE OF APPEAL

Notice is hereby given this 10th day of June, 2008, that plaintiff, Khadija Duma, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the 28th day of May, 2008 in favor of defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson (also known as the Fannie Mae Defendants) against said plaintiff in which this Court vacated the docketed default of said defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson); and, plaintiff's motion for a default judgment in the amount of thirty million dollars against these defendants was denied. Plaintiff was not granted an expedited hearing on damages, if there was a question the Court had regarding the amount requested in plaintiff's motion for a default judgment.

Counsel for the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen

RECEIVED
JUN 1 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Mychalus, Verna Robinson) relied heavily upon material facts which were blatant lies (a fact that counsel for the defendants knew or should have known), and upon a three-prong test as the basis for requesting that the docketed default be vacated and that the plaintiff's motion for a default judgment should be denied. Said three-prong test should not have survived the second prong, if it was to be considered at all. A slight delay, said counsel for the defense. A slight delay in the course of its daily business concerns could and has caused Fannie Mae hundreds of millions of dollars. A slight delay has always been the death knell for Fannie Mae; yet, in the instant case, it is of no concern because it works for the defendant. Fannie Mae sells mortgage-backed securities to Wall Street which has deadlines set in stone. If you do not meet your dates on your mortgage, you do not get a break from Fannie Mae; they want their money. Wall Street wants its money. You cannot tell them that it's only a day late, and the slight delay won't hurt them. Once again the rules do not seem to apply to Fannie Mae, Bear Stearns, Chase, or Countrywide; only the powerless have to play by the rules. Dror Oppenheimer, Karen Mychalus and Verna Robinson have all separately worked approximately twenty years or more at Fannie Mae. The deadline was only missed by a day, said this Court. A day matters when the life of your son and you are pretty much hanging in the balance. I have stressed this throughout. I was forced to file a panicked bankruptcy on June 3, 2008; without the default judgment I had no leverage to avoid a foreclosure auction of my home which was scheduled for June 4, 2008. I fail to understand the rationale of this Court which stated that a delay in these proceedings to benefit Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson, in

agreement with counsel for said defendants would not harm me. A difference of a day made all the difference in the world, and further delays will continue to impact me to my detriment. I am not being treated fairly when weight is given to material facts presented by the defendants, by and through their counsel, which are blatant lies, but my arguments and exhibits seem disregarded. Furthermore, Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson have argued and held onto dates as deadlines and time limits, without giving an inch, to benefit their position; yet, as I have demonstrated through my exhibits attached to my supplemental memorandum of points and authorities in support of my motion for a default judgment, the material facts (inclusive of key dates) that were relied upon by this Court to determine merit in favor of defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson were false as regards key material facts.

Throughout my pleadings and motions for this case I have argued that time is of the essence regarding the dire circumstances my son and I were facing as a direct result of malicious actions taken by the defendants (UNUM Provident, Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson). Counsel for the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) is not in a position to cavalierly decide whether a delay to benefit his clients would not harm me. Counsel for Fannie Mae, Dror Oppenheimer, Karen Mychalus, and Verna Robinson seems oblivious to the catastrophic circumstances of my son and I. We have already been harmed by a constructive discharge (Fannie Mae informed Dyck O'Neal that I had been terminated in 2003 and turned my Employee Assisted

Housing loan over to Dyck O'Neal for collection), discrimination towards me in a hostile work environment (forcing me to have invasive, major surgery or lose my short-term disability benefits, Mychalus and Robinson making my divulge private medical information to them and others to avoid loss of my job, racial disparate treatment from Fannie Mae management, age discrimination (ridiculed because of my age prompted by Robinson), loss of my benefits, loss of my income then and future income, and now the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) by and through their counsel deprive my son and I of the one glimmer of hope, through lies regarding material facts, that we have that we may not have to live on the streets, if my motion for a default judgment against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) is granted.

The numbered exhibits I have attached to my supplemental memorandum of points and authorities for my motion for a default judgment against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should be considered as a whole by the Court as exhibits for this Notice of Appeal, reconsideration of my opposition to the Fannie Mae defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion to vacate their docketed default which was granted by this Court, reconsideration of my opposition to the Fannie Mae defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion to deny my motion for a default judgment in the amount of thirty million dollars which was granted to the defendants by this Court, and opposition to

4

the Fannie Mae defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion to vacate their docketed default and as exhibits as a whole for this opposition to their motion to deny plaintiff's motion for a default judgment in the amount of thirty million dollars. Said exhibits demonstrate the culpable and willful conduct of counsel (Stewart and McGwin) for and by the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson). The defendants' motion to vacate the docketed default against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should have been denied, and the defendants' (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) motion to deny plaintiff's motion for a default judgment in the amount of thirty million dollars on behalf of and in favor of the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should have been denied.

The docketed default against the defendants Fannie Mae, Dror Oppenheimer, Karen Mychalus and Verna Robinson should be reinstated and the plaintiff's motion for a default judgment in the amount of thirty million dollars against the Fannie Mae Defendants (Fannie Mae, Dror Oppenheimer, Karen Mychalus, Verna Robinson) should be granted as it is likely that the plaintiff would succeed in a jury trial on the merits of her complaint against the defendants taking all into consideration including the plaintiff's exhibits as a whole.

Plaintiff, Khadija Duma, has also filed a complaint with the DC Bar Counsel against attorneys Damien G. Stewart and Madonna McGwin for their conduct in this case.

_____
Pro Se Litigant
Khadija Duma
1840 Massachusetts Avenue, SE
Washington, DC 20003

PO Box 1023
Washington, DC 20013
(202) 546-6281

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Damien G. Stewart, c/o Fannie Mae Legal Dept., 3900 Wisconsin Ave., Wash., DC 20016

Dror Oppenheimer, c/o Fannie Mae Legal Dept., 3900 Wisconsin Ave., Wash., DC 20016

Karen Mychalus, c/o Fannie Mae Legal Dept., 3900 Wisconsin Ave., Wash., DC 20016

Verna Robinson, c/o Fannie Mae Legal Dept., 3900 Wisconsin Ave., Wash., DC 20016

Mary C. Zinsner, Troutman Sanders LLP, 1660 International Drive, Suite 600, McLean, VA 22102